SAMUEL GRAVES *vs.* ELIZABETH GRAVES.
EDWARD ROWELL *vs.* MARY A. ROWELL.

Alimony may be awarded to the wife upon granting to the husband a divorce for her fault.
Upon the petition of a husband under the St. of 1870, *c.* 404, to make absolute, as a divorce from the bond of matrimony, a divorce from bed and board, obtained by him under the Gen. Sts. *c.* 107, § 9, alimony awarded to the wife by the first decree may be increased, without a distinct petition therefor.
Upon an application to alter a decree for alimony, the court may take into consideration property acquired by the husband since the original decree, as well as the facts on which that decree was founded and the circumstances of the separation of the parties.

TWO PETITIONS filed respectively by husbands who had obtained divorces from bed and board more than five years previously, for decrees under the St. of 1870, *c.* 404, § 3, to make them absolute as divorces from the bond of matrimony. In each case the wife answered, praying that alimony, or an allowance in

the nature of alimony, might now be made to her. Hearings before *Wells,* J., who made reports thereof to the full court, of which the following is the substance :

In the case of Graves, it appeared from the record, that on the trial of the husband's libel for divorce there was proof that the wife had treated him with extreme cruelty, and " been guilty of cruel and abusive treatment towards him, by threatening him with bodily harm, by attempts to beat and injure him personally, by actually striking and otherwise assaulting him, by the use of cruel and abusive language towards and in reference to him, and in other forms and modes of injury and annoyance, and by withholding from him all kind and conjugal rights and attentions ; " that thereupon, on April 27, 1865, this court decreed to him " a divorce from bed and board, he paying as alimony $600 in ten days, the wife to be allowed to take all goods and effects which she brought to him at marriage, and the certificate to issue on payment of alimony ; " and that the payment was made, and the certificate of divorce issued accordingly two days afterwards.

At the present hearing, on the wife's prayer for a further allowance, the judge reserved for the decision of .the full court the following questions :

1. Whether the statutes authorize the court to make such an allowance.

2. Whether the order of the court, at the time of the decree of divorce from bed and board, in regard to the payment of money to the wife, covers the whole subject matter of allowance, so as to conclude her from any further or additional claim.

3. Whether, in this hearing, the facts upon which that decree and order were founded, and the circumstances of the separation of the parties, are open to investigation.

The judge heard evidence to show any change in the condition and circumstances of either party since April 27, 1865, the date of that decree, and to show the means and ability of the husband ; and the only change proved or alleged was, that since the decree he had received real and personal property to the amount, in present value, of about $10,000, by inheritance from a son by a former marriage ; whereupon the judge reserved the further question :

4. Whether property so acquired since the decree is a proper foundation for an allowance of this nature and in this mode.

If the first, second and fourth questions should be determined in favor of the wife, the judge allowed to her, by reason of said property inherited by the husband, the sum of $1000, and ordered that judgment be entered and execution issued therefor, unless the court should determine that the facts and circumstances of the separation, and those upon which the decree and order were made, were open to investigation in this hearing, in which event the case was to stand for further hearing.

In the case of Rowell, it appeared from the record, that on the trial of the husband's libel for divorce there was proof that the wife had been guilty of cruel and abusive treatment of the husband " by the use of violent, harsh and severe language to him, habitually and constantly, and by constantly calling him abusive and degrading names, and applying to him vulgar and contemptuous and degrading epithets, and otherwise misusing and cruelly abusing and disgracing him, in the presence of his family and in the presence and hearing of visitors, boarders and others ; " that on September 24, 1864, she utterly and entirely deserted him, " and went to live, and has since then continued to live, in a house hired by her, separate and apart from him, and took and carried away a large quantity of his furniture, beds, bedding, clothing, and the bed and bedding of their child, and also took and carried away the said child ; " and that thereupon, on April 27, 1865, this court decreed to him a divorce from bed and board, she to " be allowed to retain all the household furniture now in her possession."

At the present hearing, on the wife's prayer for a further allowance, the judge reserved for the decision of the full court the three first questions reserved in the case of Graves. And he also heard evidence to show any change in the condition of the wife, by reason of impaired health, since April 27, 1865, the date of the decree of the divorce, and to show the means and ability of the husband ; and thereupon he awarded to her the sum of $300, " for which judgment is to be entered in her favor, if it is within the authority of the court so to do and she is not concluded by

the former order, unless the court shall be of opinion that the circumstances of the separation, and the facts upon which the former decree was made, are open to inquiry in this hearing, in which event the case is to stand for further hearing."

*J. C. Perkins*, for the petitioners.

*S. B. Ives, Jr.*, (*S. Lincoln, Jr.*, with him,) for the respondents.

GRAY, J.    By the Gen. Sts. *c.* 107, § 9, a divorce from bed and board might be decreed upon the libel of either party for cruel and abusive treatment by the other.    By § 10, if the parties lived separately for five consecutive years after such decree, a divorce from the bond of matrimony might be decreed upon the petition of the original libellant; or, after they had lived separately for ten consecutive years, upon the libel of either party. By §§ 40, 43, upon any divorce from bed and board, the court might decree the restoration to the wife of the whole or any part of the personal estate that came to the husband by reason of the marriage ; and, if that was insufficient for the support of herself and such children of the marriage as were committed to her custody, might further decree to her such alimony out of the estate of the husband as it deemed just and reasonable.    By § 44, the court, upon granting a divorce from the bond of matrimony under § 10, might decree alimony to the wife, or any share of her estate in the nature of alimony to the husband.    The allowance by way of alimony to the wife might be either in annual instalments or in one gross sum.    *Burrows* v. *Purple*, 107 Mass. 428. And by § 47, the court might from time to time, upon the petition of either party, revise and alter any decree as to the amount of alimony or the payment thereof, and might make any decree respecting the same which it might have made in the original suit.

The power conferred by these statutes to decree alimony to the wife extended to all cases mentioned therein, and was not limited to those in which the decree of divorce was in her favor. The question whether she or her husband was the guilty party is doubtless an element, and an important element, in determining whether alimony should be awarded to her, but it is not conclu-

sive. She may have been guilty of such a breach of the marriage obligation as to entitle her husband to a divorce ; and yet it may not be just, if her husband is comparatively rich or capable of earning money, and she is poor or weak, that she should be turned out into the world without any means of livelihood but her own exertions. The questions whether she should be allowed any alimony, and of the amount of such allowance, are, in every case falling within the enumeration of the statute, whether she is the party offending or the party injured, within the discretion of the court, upon a consideration of all the circumstances of the case. Such has been the construction always given to our statutes by the justices of this court, and to similar statutes by the courts of other states, whenever the powers of the court to grant alimony were not clearly limited by the legislature to the case of a divorce in favor of the wife. *Sheafe* v. *Sheafe*, 4 Foster, 564. *Sheafe* v. *Laighton*, 36 N. H. 240. *Buckminster* v. *Buckminster*, 38 Verm. 248. *Pence* v. *Pence*, 6 B. Monr. 496. *Richardson* v. *Wilson*, 8 Yerger, 67. *Perry* v. *Perry*, 2 Barb. Ch. 311. The English parliament, upon granting a divorce to a husband for the adultery of his wife, always required him to make a provision for her out of his estate, " and for this most just, humane and moral reason, that she may not be driven, by want, to continue in a course of vice." Best, J., in *Jee* v. *Thurlow*, 4 D. & R. 11, 17. Pritch. Div. Dig. 15 & note. And in the latest English case upon this subject, the court of divorce, in granting to the husband a judicial separation for the wife's cruelty, ordered him to make provision for her future support. *Prichard* v. *Prichard*, 3 Swab. & Tristr. 523. See also *Ratcliff* v. *Ratcliff*, 1 Swab. & Tristr. 467, 474 ; *Bent* v. *Bent*, 2 Swab. & Tristr. 392.

The provision of the Gen. Sts. *c.* 107, § 48, authorizing the court upon petition, at any time after granting a decree of divorce to a wife, to make such decree respecting alimony or other provision for her maintenance or for the benefit of the children of the parties, as it might have made in the original suit, although no such decree of alimony or other provision was made in the original decree of divorce or prayed for in the original libel, was a reënactment of the St. of 1853, *c.* 23, § 1; and did not limit

**the** power or the discretion of the court to award alimony, upon
or before a final decree of divorce from the bond of matrimony,
under the Gen. Sts. *c.* 107, §§ 40, 43, 47, which reënacted the
earlier provisions of the Rev. Sts. *c.* 76, §§ 27, 28, 31, 36. Sec-
tion 31 of the Rev. Sts. declared more fully than the correspond-
ing provision of the Gen. Sts. *c.* 107, § 43, the power of the
court to decree to the wife, upon every divorce from bed and
board, such part of the personal estate of the husband, and such
alimony out of his estate, as it should " deem just and reasonable,
having regard to the ability of the husband, and to the character
and situation of the parties, and all the other circumstances of
the case."

The decrees passed in 1865, granting to the husband, in each
of the cases now before us, a divorce from bed and board for
his wife's cruel and abusive treatment, and awarding to the wife,
in the one case, all the goods and effects which she brought to
the husband at their marriage and a further sum in gross as ali-
mony, and, in the other, all the household furniture in her posses-
sion, were therefore authorized by the statutes in force when they
were made; and if those statutes had remained unaltered, so
much of the decree, as awarded to the wife in each case specific
property or alimony, might have been modified and varied at the
discretion of the court, upon a new petition of either party while
the parties were divorced from bed and board only, or upon a
libel for a divorce from the bond of matrimony, filed by the hus-
band after they had lived apart for five years, or by the wife
after they had lived apart for ten years, following the first decree.
*Bursler* v. *Bursler*, 5 Pick. 427.

By the St. of 1870, *c.* 404, sections 9 and 10 of *c.* 107 of the
Gen. Sts. are repealed ; and it is enacted that hereafter no di-
vorce from bed and board shall be decreed in this Common
wealth ; that for cruel and abusive treatment, or any other cause
which would previously have warranted a divorce from bed and
board, the court shall, if the libellant prevails, enter a decree of
divorce *nisi* from the bond of matrimony, and afterwards shall,
upon proof that the parties have continued to live separately for
five consecutive years after such decree, and may, after they have

so lived apart for three consecutive years, make the decree abso-
lute; that if, at any time before the decree of divorce *nisi* is
made absolute, the parties live together again, that decree shall
be void; that all parties already divorced from bed and board
shall be in the same legal condition as if divorced *nisi* under the
provisions of this statute; and that nothing herein contained
shall be construed to deprive any party of any rights already
acquired.

This statute does but change the form of proceeding, and
shorten the time within which after a decree of separation an
absolute and final divorce may be decreed.  A decree of divorce
*nisi* under the St. of 1870, like a decree of divorce from bed and
board under the former statutes, does not absolutely dissolve the
marriage.  *Dean* v. *Richmond*, 5 Pick. 461, 467.  *Ames* v. *Chew*,
5 Met. 320.  *Hulse* v. *Hulse*, Law Rep. 2 P. & D. 259.  The
petition to make absolute the decree *nisi* takes the place of the
libel under the General Statutes for a divorce from the bond of
matrimony after parties divorced from bed and board had con-
tinued to live apart for the requisite time.  Such a petition is a
new proceeding, upon which the court always orders notice to
the other party; and it may be presented by either party to the
original decree; but a decree in accordance therewith, as it only
makes absolute the previous decree of divorce against the guilty
party, will not completely release him, or enable him to marry
again without leave obtained upon a subsequent petition under
the Gen. Sts. *c.* 107, § 26.  *Bigelow* v. *Bigelow, ante,* 38.  The
St. of 1870 does not purport to repeal any of the provisions of
the Gen. Sts. *c.* 107, except §§ 9 and 10, which provide for a
divorce from bed and board and for a subsequent divorce of the
same parties from the bond of matrimony upon a new libel, and
§ 38, which relates to the divorced wife's right of dower.  It
contains no provision as to the allowance of alimony upon a final
decree of absolute divorce, or at any time after the entry of a
divorce *nisi*.  The only provision that it makes for alimony is
that, upon the entry of a decree of divorce *nisi* in favor of the
wife, she shall be entitled to all the rights conferred by the Gen.
Sts. *c.* 107, §§ 40, 43.  But this provision, evidently inserted

from greater caution, cannot be deemed to repeal by implication any of the provisions of the former statutes respecting alimony; and those provisions are still applicable to proceedings under this statute.

The whole matter of alimony is therefore within the control of the court, upon the application of either party and notice to the other, at or before the time of entering a final and absolute decree of divorce from the bond of matrimony ; and when the parties are both before the court upon the question of entering such final decree, the subject of alimony may be disposed of as an incident of the principal case, and requires no distinct petition.

In making any order respecting alimony, the court takes into consideration the property and capacity, or, in the phrase of the English ecclesiastical courts, " the faculties " of the husband at the time, although acquired since the original decree. *De Blaquiere* v. *De Blaquiere*, 3 Hagg. Eccl. 322, 329. *Vandergucht* v. *Blaquiere*, 8 Sim. 315. *Harmar* v. *Harmar*, 32 L. J. N. S. (Prob. & Matr.) 118. *Severn* v. *Severn*, 7 Grant (Upper Canada) 109.

A decree for alimony, or allowance in the nature of alimony, made before the final dissolution of the marriage, does not stand like a final decree of divorce, which can be set aside only for fraud in procuring it. *Edson* v. *Edson*, *post*, 590. The court, being authorized to award such alimony as it may deem just and reasonable upon all the circumstances of the case, and to revise or modify any former decree therefor, may take into consideration the former relations and conduct of the parties, the circumstances of the separation, and the facts upon which any former decree was founded, as well as any new facts bearing upon the question. *Sheafe* v. *Sheafe*, 4 Foster, 564. *Pence* v. *Pence*, 6 B. Monr. 496. *Peckford* v. *Peckford*, 1 Paige, 274. *Allen* v. *Allen*, 100 Mass. 373, 374.

The reports of the judge before whom these two cases were heard reserve for the decision of the full court no question of discretion, but only specific questions of law. The answers to those questions must be, that upon the petition of the husband for an absolute decree of divorce the court was authorized to

make an additional allowance to the wife; that the allowance made to her upon the original decree of divorce from bed and board did not conclude her from claiming such additional allowance; and that, in making such allowance, the court might take into consideration any property acquired by the husband since the former decree, as well as the facts on which that decree was founded, and the circumstances of the separation of the parties. The result is, that a decree is to be entered in each case in favor of the wife for the additional amount awarded to her by the judge as alimony, unless either party desires to introduce evidence of such facts and circumstances, in which event the

*Case is to stand for further hearing.*