ADELAIDE D. SMITH *vs.* LOUIS E. P. SMITH.

Suffolk. November 20, 1905. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Marriage and Divorce. Practice, Civil,* Judgment or decree.

Under R. L. c. 152, § 33, a decree for alimony may be revised and altered after the expiration of the period during which the payment of alimony was ordered if there has been such a change of circumstances as to warrant it.

A decree for alimony directed a husband who was granted a divorce to pay to his former wife " as alimony the sum of $25 per week for two years from the date of the decree *nisi.*" After the expiration of the two years the former wife filed a petition for additional alimony alleging inability to support herself by reason of ill health and bodily weakness. The court made a decree in substance as follows : " The form of the former decree indicates that the judge intended that the alimony then ordered to be paid should be in full for all alimony to which the petitioner was entitled, but this is not entirely clear, and by reason of the

present condition of the petitioner it is ordered that the respondent pay to the petitioner $15 per week for one year." *Held,* that the order allowing further alimony must be construed to include a finding that there was a change in the circumstances of the petitioner since the former decree was made.

THE following statement of the case is taken from the opinion of the court:

This was a petition for additional alimony. A divorce was granted on January 9, 1903, to the present respondent, the husband, for gross and confirmed habits of intoxication on the part of the present petitioner (originally the libellee). In the decree for divorce the question of alimony was reserved for future consideration. On February 18, 1903, a decree was made directing the present respondent (the libellant in the original proceedings) to pay to the libellee (the present petitioner) " as alimony the sum of twenty-five dollars per week for two years from the date of the decree *nisi,* to wit, January nineteen, A. D. 1903." After the expiration of said two years, to wit, on February 11, 1905, this petition for additional alimony was filed. The material allegations of the petition are: " That your petitioner is without means of support; that your petitioner is unable, by reason of ill health and bodily weakness, to support herself; that said Louis E. P. Smith is of ample ability to contribute to the support of your petitioner, his former wife." On this petition the following order was made on April 1, 1905: " The form of the order or decree in respect to alimony made by the late Chief Justice Mason on February 18, 1903, indicates that he intended that the alimony then ordered to be paid, should be in full for all alimony to which the petitioner was entitled, but this is not entirely clear, and by reason of the present condition of the petitioner, it is ordered that the respondent, Louis E. P. Smith, pay to the petitioner, Adelaide D. Smith, fifteen dollars per week for one year from February 18, 1905, the same payable weekly." From this order an appeal was duly taken to this court.

*S. K. Hamilton & T. Eaton,* for the respondent.

*J. R. Murphy,* for the petitioner.

LORING, J. [After the foregoing statement of the case.] It is not necessary to decide whether the original decree in the case at bar was a final adjudication on the alimony to be paid. If this order is taken to have been a final adjudication upon the

question of alimony (using that word to mean payments at stated periods), in case there was a change after the date of the decree in the circumstances of the parties or either of them, which in justice required that additional alimony should be paid, the court could make the order for further alimony. It is not necessary in the case at bar to consider what the rule is in case of a decree or order for the payment of a sum in gross by way of alimony. Alimony, like the custody of children, (as to which see R. L. c. 152, § 25,) is a matter which from its very nature cannot be finally disposed of. If, for example, a large annual allowance by way of alimony were made to a wife, to be paid by a wealthy husband, and without his fault the husband afterwards should be reduced to penury, there ought to be power in the court to make such change in the alimony decreed to be paid by him as this change in his circumstances required.

Such is the rule at common law in England, *De Blaquiere* v. *De Blaquiere*, 3 Hagg. Ecc. 322, and, by statute at least, in this Commonwealth. By Rev. Sts. c. 76, § 36, (following a less explicit provision in St. 1785, c. 69, § 5,) it is provided that " after any decree for alimony, . . . the court may, from time to time, on the petition of either of the parties, revise and alter their decree, . . . respecting any of the said matters, which they might have made in the original suit." This has been re-enacted (Gen. Sts. c. 107, § 47; Pub. Sts. c. 146, § 39) and is now R. L. c. 152, § 33. Under this act the amount of alimony may be changed if there is a change in the circumstances of either party making a change just. *Knapp* v. *Knapp*, 134 Mass. 353. *Southworth* v. *Treadwell*, 168 Mass. 511.

The respondent in the petition now before us has contended that R. L. c. 152, § 33, is limited to a revision of a decree for alimony " pending the full performance of the original decree." But in our opinion that is not the true construction of the act.

There is nothing in the language of the act or in the nature of the provisions of it which gives countenance to that construction. The language of the original act (Rev. Sts. c. 76, § 36) is " after any decree for alimony," " the court may from time to time," " revise and alter their decree," and this wording remains substantially unchanged. See R. L. c. 152, § 33.

There is no reason for limiting a court which is to have power

to revise a decree to the time during which the decree is being performed. If, for example, a court on a bill to charge land with payment of an annuity makes a decree establishing such a charge on the land, the court has no power to revise or alter the decree after it is once made, whether the appeal is made during the life in question or after the death of the life tenant in case payment of the annuity was in arrears when she died. The inherent difference between a decree in an ordinary case (such, for example, as a decree establishing a charge on land to pay an annuity) and a decree for alimony does not result in a power to change pending performance, but does result in a power to make a change in the decree for alimony whenever a change in circumstances demands that a change should be made in the decree.

Finally, *Knapp* v. *Knapp*, 134 Mass. 353, is an authority against the respondent. That was a writ of *scire facias*, brought against the executrix of a libellee who had been ordered, by a decree made twenty-six years before, to pay to his wife by way of alimony $250 a year, none of which ever had been paid. The writ was denied by a single justice. On appeal that order was reversed and the case was directed to stand for hearing because the court had power at that time to revise and alter the decree.

In the case at bar, we are of opinion, with some hesitation, that the order allowing further alimony must be construed to be a finding that there was a change in the circumstances of the libellee (the present petitioner).

*Decree affirmed.*