ELIZABETH W. BROWN *vs.* MAYBIN W. BROWN.

Suffolk.　November 17, 1915. — January 10, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Marriage and Divorce. Husband and Wife.*

The granting of a petition for alimony under R. L. c. 152, § 30, is a matter to be determined in the discretion of the judge after considering all the circumstances of the case; and, where a woman, against whom her husband had obtained a divorce for desertion, filed no petition for alimony until after her former husband lawfully had married again, it was *held* that, in denying her petition for alimony filed after such remarriage, it was proper for the judge to take into consideration, among other facts, the obligation that the husband had incurred to support his present wife.

PETITION, filed on March 4, 1915, under R. L. c. 152, § 30, for alimony.

In the Superior Court the case was heard by *Dubuque,* J. The material facts are stated in the opinion. The judge denied the petition; and the petitioner alleged exceptions.

*G. H. Hull,* for the petitioner.

*J. F., J. E. & D. T. O'Connell,* for the respondent, submitted a brief.

CROSBY, J. The petitioner, who was the former wife of the respondent, seeks in this proceeding to obtain alimony.

On May 12, 1911, a decree *nisi* for divorce was entered in favor of the respondent against the petitioner for desertion. Before the decree became absolute the respondent promised in writing to pay

this petitioner $9 a week "as long as she lived or until she was remarried." He carried out the promise for several years, but for some months before the filing of this petition he failed to make the payments as they became due, and for a few weeks before the petition was filed no payments had been made.

Since the decree of divorce became absolute this respondent has married another woman who remains his wife and with whom he is now living.

This is the first petition for alimony that ever has been brought by the petitioner.

At the hearing upon this petition there was evidence to show that the respondent was receiving $20 a week for his services and that his expenses were $22 a week; that the difference was made up by the earnings of his present wife; that he had no other source of income; that he had saved no money, and that his failure to keep up the payments under the promise made to his former wife was due to the fact that an income he had formerly received had been cut off; that within a period of a year or eighteen months "he had prolonged ill health; and that his present wife had contributed to the last instalment or two paid under the written promise aforesaid."

The petitioner requested the court to rule that "The fact that the respondent since the divorce has incurred new matrimonial obligations with respect to another wife has no bearing upon, and should not be considered in a petition for alimony, brought by a former wife, in determining the amount of such alimony."

The judge of the Superior Court, before whom the petition was heard, refused the request, filed a memorandum of his findings, and ordered that the petition be dismissed. The memorandum is as follows: "I find as a fact in this case that the respondent is not receiving as much as he needs to support himself and pay a part of the necessities of life for himself and his second wife, and I therefore find for the respondent and order the petition dismissed."

This memorandum, properly construed, contains findings of fact and cannot be regarded as a ruling of law. Alimony generally means an allowance to a wife for the support of herself and children out of her husband's estate either during the pend-

ency of a libel for divorce, or at its termination in favor of the petitioner. *Bucknam* v. *Bucknam,* 176 Mass. 229, 230.

In this Commonwealth it is provided by R. L. c. 152, § 30, that "Upon a divorce, or upon petition at any time after a divorce, the Superior Court may decree alimony to the wife, or a part of her estate, in the nature of alimony, to the husband." The theory of the law is that an allowance of alimony is for the support and maintenance of the wife and of such children as may be committed to her care and custody. *Smith* v. *Smith,* 190 Mass. 573. *Graves* v. *Graves,* 108 Mass. 314. *Burrows* v. *Purple,* 107 Mass. 428. *Holbrook* v. *Comstock,* 16 Gray, 109.

In the case last cited it was said that "Alimony is not considered to be the separate property of the wife; but it is that portion of the husband's estate which is allowed her for her present subsistence and livelihood." It is expressly provided by statute that "Upon a libel by a wife for a divorce for a cause which accrued after marriage, the real and personal property of the husband may be attached to secure a suitable support and maintenance to her and to such children as may be committed to her care and custody." R. L. c. 152, § 10. Alimony may be awarded to the wife upon the granting to the husband of a divorce for her fault. *Graves* v. *Graves, supra.* And the allowance may be in instalments or for a gross sum. *Burrows* v. *Purple, supra.* And from time to time, upon the petition of either party, the court may revise and alter its decree. R. L. c. 152, § 33.

Whether alimony shall be awarded is a matter in the sound discretion of the court and is not a right absolutely vested in the wife. It depends upon the circumstances of each case, including the necessities of the wife and the pecuniary resources of the husband, the condition in life of the parties and their mode of living and the conduct of the parties. As was said by Gray, J., in *Graves* v. *Graves, supra*: "The questions whether she should be allowed any alimony, and of the amount of such allowance, are, in every case falling within the enumeration of the statute, whether she is the party offending or the party injured, within the discretion of the court, upon a consideration of all the circumstances of the case. Such has been the construction always given to our statutes by the justices of this court, and to similar statutes by the courts of other States, whenever the powers of the court to

grant alimony were not clearly limited by the Legislature to the case of a divorce in favor of the wife."

When the respondent married his present wife, no application for alimony had been made by the petitioner and the validity of the second marriage is not questioned. Upon such marriage the natural and legal duty rested upon the respondent to support and maintain his wife, and while such marriage would not be a bar to the petitioner's claim for alimony, still it is a circumstance to be considered with other pertinent facts by the court in determining whether alimony should be granted, and if so for what amount.

The plaintiff properly waived her appeal in open court. It is manifest that, as no final judgment had been entered, no appeal would lie. The question whether the petitioner was entitled to alimony was a matter within the sound discretion of the trial judge and we are unable to say that such discretion was not exercised properly.

*Exceptions overruled.*