DANIEL A. ROLLINS, administrator, *vs.* MARY J. GOULD
& others.

Suffolk.    December 7, 1922. — March 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Marriage and Divorce.    Husband and Wife.    Equity Pleading and Practice,*
*Appeal.*

In a libel for divorce brought by a husband, a decree *nisi* was entered on the grounds.
of desertion and a decree, assented to by the parties, was entered, directing
the payment forthwith of $1,500 by the libellant to the libellee "in full of all
alimony, allowance and claims and demands in law or in equity by libellee
against the libellant." The next day an agreement was made between the
libellant, the libellee and a third party under which $1,500 was paid by the
libellant to the third party and by him to the libellee upon her delivering to
the libellant a promissory note for $1,000 given by him to her, and the libellee
agreed that, upon the decree *nisi* becoming absolute, she would release the
libellant from all claims of whatsoever nature. In 1920, within four months
from the entry of the decree *nisi*, the libellant died and an administrator of
his estate was appointed who sought instructions as to what final distribution
of the estate should be made. A decree of the Probate Court ordered that,
after repayment by the libellee (widow) to the administrator of the $1,500
which she had received under the agreement, distribution should be made
by payment to the widow of $5,000 and one half of what remained of the estate
thereafter, and that the remaining estate should be divided among next of
kin of the intestate. The next of kin alone appealed. *Held,* that

(1) The decree *nisi* did not terminate the relation of husband and wife be-
tween the parties to the libel and, the decree not having become absolute,
the libellee was entitled to the statutory rights of a widow in the estate;

(2) The decree for alimony and the agreement did not bar the wife's statu-
tory right in her husband's estate;

(3) The widow had not barred herself by waiver, estoppel or election, from
claiming her statutory interest in her husband's estate;

(4) The widow not having appealed, the question, whether the repayment
of the $1,500 should have been made a condition precedent to the distribution
of the estate according to the statute, was not before this court.

BILL IN EQUITY, filed in the Probate Court on March 23, 1922,
for instructions "to whom and in what proportions . . . the prop-
erty of" the estate of Frank L. Gould "remaining in the hands
of" the plaintiff, administrator of the estate, "after the payment
of debts and of charges and expenses of administration," should
"be distributed, paid and transferred."

The suit was heard by *Grant*, J.  The answer of the next of kin of Frank L. Gould contained allegations "that on or about March 17, 1920, in full performance by Frank L. Gould of the agreement between Frank L. Gould, Mary J. Gould and the petitioner, a copy whereof is annexed to the petition, and in full compliance with a decree of the Superior Court as to alimony, a copy whereof is annexed to the petition, said Frank L. Gould paid to the respondent Mary J. Gould, through her attorney, the petitioner, the sum of $1,500.00 mentioned in said agreement and decree; wherefore, said respondents say that said agreement and said decree were fully complied with by said Frank L. Gould and by reason thereof respondent Mary J. Gould has no interest in and is estopped to set up any interest in the estate of the said Frank L. Gould."

Material facts are described in the opinion.  By order of the judge, a decree was entered "that upon the repayment by the said Mary J. Gould to the plaintiff as administrator, of the sum of $1,500 paid to him by said Frank L. Gould on March 18, 1920, together with interest thereon from said March 18, 1920, to the date of such repayment, the property remaining in the hands of the administrator, after the payment of all debts and charges and expenses of administration, be distributed according to the statute of distribution of the estates of intestates of this Commonwealth, in force on July 11, 1920, the date of the death of said Frank L. Gould; — to wit, $5,000 and one half the residue to said defendant, Mary J. Gould and the balance equally among the remaining defendants or their legal representatives;" and costs as between solicitors and clients were awarded.  Those defendants who were next of kin of Frank L. Gould appealed.

*D. A. Rollins*, administrator, stated the case.

*F. L. Norton*, (*V. Mason* with him,) for the appellants.

*H. J. Winslow*, for the appellee.

De Courcy, J.  Frank L. Gould, the plaintiff's intestate, died July 11, 1920, leaving as his widow the defendant Mary J. Gould, and as his next of kin certain brothers and sisters, represented by the other defendants.  He had brought a libel for divorce against his wife, said Mary J. Gould, in October, 1919, on the grounds of desertion.  On March 17, 1920, a decree *nisi* was entered in his favor; and also a decree assented to by the parties, ordering him

to pay forthwith to the libellee "the sum of $1,500 in full of all alimony, allowances and claims and demands in law or in equity by libellee against the libellant." An agreement dated March 18, 1920, made by the parties and a third person as trustee, recited the pendency of the libel, the wife's petition for alimony, and her claim for $1,000 advanced by her, in 1911, for which she held his note. Therein he promised to deliver to the third party said sum of $1,500; and she agreed to surrender the note, and after the decree *nisi* should have become absolute, to give a "release and discharge of all claims that she may have for alimony and all other claims, in law or in equity, which she may have against" him. The money was thereupon paid, and the promissory note surrendered.

Within four months after the entry of the decree *nisi*, and hence before it could have become final, Frank L. Gould died, intestate, and a suggestion of his death was duly filed in the divorce case. The plaintiff, administrator of his estate, is ready to make a partial distribution of the money in his hands, and brought this bill in equity in the Probate Court praying for instructions as to whom and in what proportions he should make payments.

The decree *nisi* did not terminate the relation of husband and wife between the parties to the libel. Unless and until the case should be finally disposed of by the entry of a decree absolute, Mary J. Gould continued to be the legal wife of Frank L. Gould; and upon his death, intestate, she was entitled to the share in his estate provided by the statute then in force. *Chase* v. *Webster*, 168 Mass. 228. *Koffman* v. *Koffman*, 193 Mass. 593. R. L. c. 152, § 18. The provisions of § 24 of that statute are expressly limited to "dower in the land of her husband," and are not applicable here. If a wife is to be deprived of her statutory interest in her husband's estate after the entry of a decree *nisi* in a libel brought by him, the Legislature must enact a statute to that effect.

The decree for alimony, and the agreement of March 18 did not bar the wife's statutory right in her husband's estate. The general purpose of alimony, whether temporary or permanent, is to enforce the legal duty of a husband to provide for the support of his wife. *Brown* v. *Brown*, 222 Mass. 415. G. L. c. 208, § 34. The statutes dealing with the subject are distinct and separate from those pertaining to the rights of a surviving husband or wife in the estate of the other. Neither the decree, nor the agreement

of March 18 contained any reference to the wife's rights upon the death of the husband. The stated purpose of the agreement was to settle the question of alimony, and the note for $1,000 and interest: on which note the wife had a moral if not an enforceable legal claim. Mrs. Gould has not barred herself by waiver, estoppel or election, from claiming her statutory interest in her husband's estate.

The Probate Court ordered the plaintiff to distribute the property in accordance with the statute in force at the death of Frank L. Gould; to wit, $5,000 and one half the residue to said Mary J. Gould and the balance among the defendants or their legal representatives. This was correct. The decree also ordered her to return to the administrator the $1,500 paid to her under said agreement of March 18. She now asks us to modify the decree by striking out this last provision. But as she did not appeal from the decree, the right of the court to order this repayment is not before us for consideration. See *Sherburne* v. *Howland,* 239 Mass. 439, 441.

The decree is affirmed, and the case is remanded to the Probate Court for further proceedings. The allowance of counsel fees in connection with the appeal is to be determined by that court.

*Ordered accordingly.*