*65 OPINION.
Tettssell:
Petitioner contends that the amounts received in each year by her from the trust did not represent income taxable to her, but amounts received in return for her release of dower rights in her husband’s real estate and allowances for the maintenance and support of herself and minor son, or in other words, in lieu of the alimony which, in the absence of the agreement under which the trust was created, the court by its decree in the divorce action then pending would have had to provide for.
Respondent insists that these amounts do not represent alimony, as no alimony was provided for by the divorce decree, as the parties had arranged the matter between them and petitioner was already, by the provisions of the deed of trust, amply provided for; that the deed of trust was executed under an agreement made between the parties and not in compliance with the order of the court, and as petitioner is admittedly the beneficiary of a trust, receiving payments of the income thereof, sections 219 of the Revenue Acts of 1921 and 1924 apply and require that these amounts be taxed as income to her.
The facts are not in dispute. Petitioner had filed an action for divorce and alimony against her husband, who was a man of means. She had one child, a minor. If successful in her suit, the court would, by its decree, require the payment by her husband of alimony, which in its broad meaning is an allowance to the wife out of her husband’s estate for the support of herself and children. Schaffer v. Schaffer, 193 N. Y. S. 43. “Alimony generally means an allowance to a wife for the support of herself and children out of her husband’s estate, either during the pendency of a libel for divorce or at its termination in favor of the petitioner.” Brown v. Brown, 111 N. E. 42; 222 Mass. 415. In this case the court quoted with approval from Holbrook v. Comstock, 16 Gray, 109, that: “Alimony is not considered to be the separate property of the wife, but merely that part of the husband’s estate allowed her for her present subsistence and livelihood.”
Pending the hearing of the divorce action petitioner and her husband entered into an agreement whereby an amount of $14,000 a year, determined as a reasonable allowance, was provided to be paid through creation of a trust on certain property belonging to the husband, with directions to the trustee to pay an amount of the yearly income not in excess of $14,000 to petitioner. The creation of the trust and the payments arranged for thereby were made wholly dependent upon petitioner being successful in her action for divorce, and, to carry out the agreement, the deed of trust was deposited in escrow to take effect upon the entering of a final decree of divorce. *66 All of the arrangements contemplated, by the agreement and the conveyances and releases made thereunder were submitted to the court and taken cognizance of by it in the entering of a final decree, by the provision therein that no payments were to be made by petitioner’s husband for maintenance and support of herself and child other than those agreed upon and provided for by the contract and deed of trust.
Respondent admits that under the rule laid down in Gould v. Gould, 245 U. S. 141, if the payments made petitioner were in satisfaction of an award of alimony by the court they would not represent income taxable to her, but insists that these amounts were not so paid, but were sums received by her as beneficiary of a trust created for her benefit, and that on finding such fact we can not go further and consider the purpose for which the trust was created, but are forced to then apply sections 219 referred to above, and that these require that such sums be taxed as income to her.
We can not agree with respondent’s theory, for several reasons. In the first place, we can not consider the execution of the agreement of February 4, 1922, and the creation of the trust under its provisions as things which preceded and were separate from the divorce action and that the decree of the court made no provision for the support of petitioner. The agreement of February 4, 1922, is clearly shown to have been an incident of the divorce action, made during the time when it was pending, liquidating a yearly amount which the court had been asked and would otherwise have been required to determine, and providing for its periodic payment. The creation of the trust was merely the carrying out of the agreement which, together with the various conveyances executed thereunder, are shown to have been submitted to and approved by the court. We can not consider it as an agreement distinct from the divorce decree when by its terms the trust was to have effect only in case the divorce was granted, and when the decree entered by the court specifically recognized the agreement as providing the maintenance which the court had been asked to decree as alimony. The interlocutory decree provides:
Upon entry of final decree herein, the right of said parties is hereby reserved to have a decree for permanent alimony, allowance for the support of said Lorillard Spencer, Jr. * * * entered therein in accordance with the further provisions of said Agreement of February 4, 1922, and the other instruments referred to therein * * *.
and the final decree orders and directs that:
Seventh : That, except as to the payments and other provisions provided for in this decree and in the interlocutory decree in said cause and in the agreements and deeds of trust referred to herein, the respondent shall not be required to make any payment as alimony or for any other matter connected with this cause or for the maintenance of the petitioner or their said minor son.
*67 Paragraph “ Sixth ” of the final decree, which is relied upon by respondent as showing that no alimony was decreed and that the court left to the parties that question, is nothing more than a reservation to the parties of their rights under the agreements referred to, in view of the specific approval and acceptance by the court of a settlement agreed upon on the question of maintenance and support of petitioner and her son.
We can not agree with respondent’s contention that sections 219 of the Revenue Acts of 1921 and 1924 make taxable to the beneficiary of a trust as income all amounts representing income of the trust paid thereunder to her, and that the purpose of the creation of the trust may not be looked to, as the requirements of those sections are satisfied when it is merely found that a trust exists and there are payments periodically of its income to such beneficiary. Were such the case, any taxpayer could convey his property in trust, the income to be distributed to his creditors in settlement of his debts, and thus, while his debts were being paid, escape tax upon his income while devoting it in this way to his own purposes, and his creditors would be taxed with receipt of income as beneficiaries of a trust, when in fact they had received merely payment of débts which might represent no income whatsoever. In the present case there rested upon petitioner’s husband the obligation to provide maintenance and support for her and for his minor son. Suit was pending for divorce and to enforce this obligation and the parties thereupon agreed upon an amount of $14,000 per year for that purpose and provided the means for its payment from the husband’s estate by creation of a trust with provision that the income thereof to the extent of $14,000 per year be paid petitioner, the whole agreement being conditioned upon petitioner’s obtaining the decree of divorce.
It is true that this trust was one created for the benefit of petitioner and she was the beneficiary in the sense that $14,000 of the income of the trust fund was paid her in each year, but it must be remembered that these payments were made in discharge of the obligation of the husband; the trust being created merely to carry out his continuing obligation and to guarantee that the obligation would be performed. Petitioner had no interest in the corpus of the trust, all that she could receive being the yearly payments during her life and these being reduced to $7,000 per year in case of her remarriage. All of the income from the trust estate over and above the amounts required to be paid petitioner were to be paid her husband.
We can not see that Irwin v. Gavit, 268 U. S. 161, relied upon by respondent is in point. That case deals with a tax liability of a *68 donee of the income from a trust created, and construes the provision of the Act excluding “ gifts ” from taxable income, the court holding that Congress in its use of that term contemplated the corpus as distinguished from the income. The case before us is not one of a gift. The right of a wife to require support for herself and children and her dower interest are rights in her husband’s estate. As the court said in Audubon v. Shufeldt, 181 U. S. 575, of the wife’s right to support which would be represented on divorce by a decree for alimony:
Permanent alimony is regarded rather as a portion of the husband’s estate to which the wife is equitably entitled, than as strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings * * *.
We can see no distinction, in so far as petitioner’s tax liability is concerned, in whether the payments made her represented alimony specifically awarded by the court, or amounts agreed upon by her husband in lieu of alimony. Assuredly, the character of the payment, so far as this petitioner is concerned, is not changed by the fact that instead of having the amount set by the court and a decree requiring it to be paid entered, the parties agreed upon the amount, contracted for the payments, arranged the mode of payment, and submitted the agreement to the court.
An examination of the agreement of February 4, 1922, leaves us in no doubt that by the provision made for payments of income of the trust to petitioner, it was understood that these payments were for the support of petitioner and her minor son, or in lieu of the allowance which the court would otherwise have decreed as alimony, and also included a consideration for the release of petitioner’s dower rights in her husband’s real estate; and an examination of the decrees entered leaves us in no doubt that the court so understood the agreement. To the extent that the payments received in the taxable years by petitioner represent sums in lieu of alimony, we hold they do not represent income to petitioner. S. B. Appleby, Jr., 2 B. T. A. 1061; Jane B. Coates, S B. T. A. 429. In so far as they may represent payments in lieu of dower rights, the same conclusion must be reached. Warner v. Walsh, 15 Fed. (2d) 367; United States v. Bolster, 26 Fed. (2d) 760; Jacob W. Frank, 19 B. T. A. 915.

Judgment viiTl be entered for the petitioner.