KATHARINE C. COE *vs.* MARTIN VAN BUREN COE.

Worcester.    September 21, 1942. — February 23, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Marriage and Divorce,* Separate maintenance.    *Probate Court,* Appeal, Judicial discretion.

A wife's appeal from a decree of a Probate Court granting her what she contended was an inadequate award upon her petition for separate maintenance gave her husband no standing to contend that the decree should be so modified "as to terminate or substantially reduce the award."

An allowance to a wife upon her petition under G. L. (Ter. Ed.) c. 209, § 32, for separate maintenance is solely for the purpose of providing for her support and not for the purpose of a division of the properties of the parties or of that of the husband.

Although an exercise of discretion by a judge of probate in making an award to a wife for separate maintenance is reviewable by this court on appeal, weight will be given to such exercise even when the record fully shows the basis for the action of the judge.

Upon a petition by a wife for separate maintenance, facts found as to the pecuniary resources of the husband, the necessities of the wife, the condition in life of the parties, their mode of living and their conduct toward each other failed to show error of law or fact in discretionary action of the judge allowing the wife no more than $35 weekly for her support.

PETITION, filed in the Probate Court for the county of Worcester on January 13, 1941.

The case was heard by *Wahlstrom*, J.

In her brief in this court, the petitioner-appellant urged that, "upon the facts found there is error in law involved in the grossly inadequate amount of the award, which was not made with reference to the ability of the husband to support her according to his station in life. . . . The amount of the award to the petitioner is not such an amount as would secure to her the same status, comforts and luxuries of life, which, except for his wrongdoing, she would have received and he was able to supply 'according to his station in life.' . . . The award made is not based . . . upon the controlling fact that her status did not change materially according to his station in life owing to her misconduct."

The case was argued at the bar in September, 1942, before *Field*, C.J., *Donahue*, *Dolan*, *Cox* & *Ronan*, JJ., and afterwards was submitted on briefs to all the Justices.

*F. P. McKeon*, for the petitioner.

*S. Perman*, for the respondent, submitted a brief.

FIELD, C.J. This is a petition for separate support brought in the Probate Court under G. L. (Ter. Ed.) c. 209, § 32. The petitioner alleges that the respondent has failed, without justifiable cause, to provide suitable support for his wife, the petitioner, that he has deserted his wife, and that she is living apart from him for justifiable cause. A decree was entered reciting that she was so living apart from him and ordering him to pay to her for her support the sum of $35 weekly. The petitioner appealed on the ground that the amount awarded is "grossly inadequate." The respondent did not appeal. The case comes before us with a report by the judge of the material facts bearing upon the adequacy of the allowance, without a report of the evidence. See *Romanausky* v. *Skutulas*, 258 Mass. 190, 193–194. *Gallagher* v. *Phinney*, 284 Mass. 255, 257–258. *Damon* v. *Damon*, 312 Mass. 268, 270.

The only question presented is whether there was error of law or fact in allowing the petitioner for her support an amount no greater than $35 weekly. Since the respondent

has not appealed no question is presented with respect to the propriety of making some allowance to the petitioner for her support or of making an allowance to her of at least $35 weekly. The contention of the respondent that the court should "so modify the decree as to terminate or substantially reduce the award to the petitioner" is not open upon this record. Since the respondent has not appealed he is not entitled to a decree more favorable to him than the decree entered. By reason of his not having appealed he must be taken to have been satisfied with this decree. *May* v. *Gates,* 137 Mass. 389, 390. *Moors* v. *Washburn,* 159 Mass. 172, 176. *Noyes* v. *Bragg,* 220 Mass. 106, 111. *Rollins* v. *Gould,* 244 Mass. 270, 273. *Kilkus* v. *Shakman,* 254 Mass. 274, 280, and cases cited. *Beacon Oil Co.* v. *Maniatis,* 284 Mass. 574, 577. *New York Life Ins. Co.* v. *Embassy Realty Co. Inc.* 289 Mass. 528, 529. *Gross-Loge des Deutschen Ordens der Harugari* v. *Cusson,* 301 Mass. 332, 334–335. *Ogens* v. *Northern Industrial Chemical Co.* 304 Mass. 401, 402.

The burden rested upon the petitioner, the appealing party, to show by a record presented by her to this court that there was error of law or fact in the decree appealed from by reason of which she did not obtain a decree as favorable to her as the decree to which she was entitled, that is, that there was error of law or fact in not making an allowance to her for her support in an amount greater than $35 weekly. *Donovan* v. *McCarty,* 155 Mass. 543, 545. *Teasdale* v. *Newell & Snowling Construction Co.* 192 Mass. 440, 441. *Martin* v. *Murphy,* 216 Mass. 466, 468. *Long* v. *George,* 296 Mass. 574, 579. The principle applicable to an appeal from a decree is the same as that applicable to exceptions. The burden of showing error is on the excepting party. *Posell* v. *Herscovitz,* 237 Mass. 513, 517, and cases cited. *Curtin* v. *Benjamin,* 305 Mass. 489, 494.

The record shows no error of law or fact in the decree appealed from in not making an allowance to the petitioner for her support in an amount greater than $35 weekly.

The matter of the adequacy of the allowance is to be

determined on the basis of the facts stated in the report of material facts made by the judge. This report "is to be regarded as a finding of all the material facts on which his decision was founded." *Topor* v. *Topor*, 287 Mass. 473, 476.

In determining the amount to be allowed for the support of a wife who, as in the case of the petitioner, is living apart from her husband for justifiable cause, the principles governing the award of alimony upon a libel for divorce are, in general, to be followed. *Williamson* v. *Williamson*, 246 Mass. 270, 272. *Densten* v. *Densten*, 280 Mass. 48, 50. The fundamental principles are these: (a) The allowance is made, in recognition of the legal right of a wife to be supported by her husband, solely for the purpose of providing for her support and not for the purpose of a division of their properties or of the property of the husband. *Holbrook* v. *Comstock*, 16 Gray, 109, 110. *Southworth* v. *Treadwell*, 168 Mass. 511, 513. *Adams* v. *Holt*, 214 Mass. 77, 78. *Brown* v. *Brown*, 222 Mass. 415, 417. *Rollins* v. *Gould*, 244 Mass. 270, 272. *Topor* v. *Topor*, 287 Mass. 473, 476. *Commonwealth* v. *Pouliot*, 292 Mass. 229, 231–232. *Commonwealth* v. *Whiston*, 306 Mass. 65, 66. (b) The amount to be allowed is that which is "just and reasonable upon all the circumstances of the case" (*Graves* v. *Graves*, 108 Mass. 314, 321), but no fixed rule is established as to the relative weight to be given to the various circumstances proper for consideration. (c) The determination of the amount to be allowed rests to a considerable extent in the discretion of the trial judge (*Graves* v. *Graves*, 108 Mass. 314, 318; see also *Burrows* v. *Purple*, 107 Mass. 428, 435; *Brown* v. *Brown*, 222 Mass. 415, 417), and, although the exercise of such discretion is subject to review on appeal, the appellate court, even when the basis for the action appears fully in the record on appeal, will give weight to the exercise of discretion by the court below. *Long* v. *George*, 296 Mass. 574, 579.

No all-inclusive statement of the circumstances that are to be considered in determining the amount to be awarded for alimony or the support of a wife living apart

from her husband has heretofore been attempted. But it was said in *Brown* v. *Brown,* 222 Mass. 415, 417, with respect to an award of alimony that the circumstances to be considered include "the necessities of the wife and the pecuniary resources of the husband, the condition in life of the parties and their mode of living and the conduct of the parties." *Topor* v. *Topor,* 287 Mass. 473, 475. See also *Graves* v. *Graves,* 108 Mass. 314, 321; *Fitzgerald* v. *Fitzgerald,* 244 Mass. 61, 63; *Commonwealth* v. *Whiston,* 306 Mass. 65, 66. The "pecuniary resources of the husband," however, are not to be regarded as a basis for a division of property — which is not the purpose of an allowance for the support of the wife — but they have a bearing upon the "condition in the life of the parties" and thus upon the "necessities of the wife," for, as has been recognized in considering the liability of a husband for "necessaries" supplied to his wife, the "term 'necessaries' in this connection is not confined to articles of food or clothing required to sustain life, but has a much broader meaning and includes such articles for use by a wife as are suitable to maintain her and the family according to the property and condition in life of her husband." *Jordan Marsh Co.* v. *Cohen,* 242 Mass. 245, 249. The "pecuniary resources of the husband" also have a bearing upon the amount that he is able to pay for the support of his wife in the light of their comparative needs and of his other responsibilities and obligations. See *Burrows* v. *Purple,* 107 Mass. 428, 435; *Smith* v. *Smith,* 190 Mass. 573, 575; *Brown* v. *Brown,* 222 Mass. 415, 416, 418; *Commonwealth* v. *Whiston,* 306 Mass. 65, 66.

It appears from the report of material facts that the parties were married in 1934, that the petitioner had previously been a salesgirl in a Worcester department store, and that the respondent had lived in idleness and continued to do so. It appears, however, that he had physical handicaps. "He is a man who has both a impediment in his speech and defective hearing. To correct his hearing he wears an instrument." The report of material facts states in considerable detail the "mode of living" of the parties and their "conduct" toward each other. No useful pur-

pose will be served by reciting these facts in detail. *Ecklund* v. *Ecklund*, 288 Mass. 517, 518. They show, however, that the parties have few friends or interests in common — so far as appears as much by reason of the "conduct" of the petitioner as by reason of the "conduct" of the respondent. The findings with respect to the "pecuniary resources of the husband" are in vague terms and show these resources merely by indirection. It is stated that the respondent "inherited a substantial fortune from his father and grandmother," that "the parties, because of the husband's wealth, could entertain lavishly, yet they never did so," that "while the husband was financially able to yet he did not maintain a pretentious home," and that the petitioner "in no way helped him create, build up or maintain his wealth." It appears, however, that the petitioner, while living with the respondent, "did not share in his wealth to any great extent," and that "except as to clothing furnished her and a few trips she went on, the wife's status did not change materially from the day she married the respondent." But, on the other hand, the judge found that the petitioner "lived her life as she desired and . . . [the respondent] did likewise," and that the allowance of $35 a week "was ample to allow her to live in that station of life in which she was accustomed to live."

In the opinion of a majority of the court the facts herein recited and the other facts set forth in the report of material facts do not demonstrate that an allowance to the wife sufficient to provide for her support in this manner is not as great as she is entitled to in the light of "all the circumstances of the case" and, consequently, fail to show error of law or fact in the discretionary action of the trial judge in allowing the petitioner for her support an amount no greater than $35 weekly.

*Decree affirmed.*