ROSE F. ENGLAND *vs.* GILBERT M. ENGLAND.   July 1, 1952.   Decree affirmed.   Upon a decree granting a divorce to the wife the Probate Court ordered the husband to pay $500 a month for the support of herself and of a daughter of the parties eight years of age.   The wife appeals on the ground that the allowance should have been greater.   The judge made findings of material facts, and the evidence is reported.   Nothing would be gained by a detailed discussion of the facts or the evidence.   The husband has securities

amounting to about $291,000 besides an interest in real estate which has been producing an available annual income of about $7,500. The wife has property worth about $74,000. Neither party earns any money. When the effect of income taxes is taken into account, the amount allowed the wife for herself and child will apparently leave them with an income not far short of that left to the husband. Alimony is not based upon any theory of equal division of property or income, but is based upon the duty of the husband to provide his wife and children support which shall be suitable in the circumstances. *Coe* v. *Coe*, 313 Mass. 232, and cases cited. The manner of living of these parties before separation can hardly be taken as a standard, since they had been spending about $11,000 more than their combined incomes. In determining allowances for support much is left to the discretion of the trial judge who heard the testimony. *Graves* v. *Graves*, 108 Mass. 314, 317–318. *Brown* v. *Brown*, 222 Mass. 415, 417–418. *Ziegler* v. *McKinlay*, 318 Mass. 765, 766–767. *Whitney* v. *Whitney*, 325 Mass. 28, 30. This is true even though the basis for his action appears fully in the record on appeal. *Long* v. *George*, 296 Mass. 574, 579, and cases cited. *Coe* v. *Coe*, 313 Mass. 232, 235. We find no error.

The case was submitted on briefs.

*Frederick M. Myers & Frederick M. Myers, Jr.*, for the libellant.
*Stephen B. Hibbard & Lincoln S. Cain*, for the libellee.