MOSES I. RICHMAN *vs.* SYLVIA F. RICHMAN.

Middlesex. December 5, 1956. — February 4, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Divorce, Alimony.*

In a divorce case brought by the husband, findings, not plainly wrong on reported evidence, as to the needs of the wife, the financial worth of the husband, and the parties' standard of living disclosed no error in a provision of a decree of divorce awarding the wife as alimony a substantial sum to be paid forthwith by the husband in addition to specified weekly payments to be made by him.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on April 6, 1955.

The case was heard by *McMenimen,* J.

*Harold Katz,* for the libellant.

*Elliot E. Rosenberg,* for the libellee.

COUNIHAN, J. This is an appeal from a decree of divorce nisi in the Probate Court for the libellant, which ordered the libellant to pay the libellee, as alimony, $50 weekly and the further sum of $10,000 forthwith. G. L. (Ter. Ed.) c. 208, § 34. The decree was awarded on the grounds of cruel and abusive treatment on the part of the libellee and the libellant was given custody of a minor son. The libellant appeals only from that part of the decree which ordered him to pay the libellee $10,000 forthwith. The evidence is reported and the judge made a report of material facts. There was no error.

It has been repeatedly said that in these circumstances

"It is our duty to examine the evidence and to decide the case according to our own judgment. Findings made by the judge are not to be reversed unless they are plainly wrong." *Whitney* v. *Whitney*, 325 Mass. 28.

We summarize facts found by the judge and by us from the evidence. The present libel which was filed on April 6, 1955, arose out of a second marriage of the parties on July 21, 1954. Their first marriage had been terminated in February or March, 1954, by a decree of divorce absolute. We are informed that by that decree the husband was ordered to pay the wife $12,250 as alimony.

About the middle of April, 1954, the parties resumed amicable relations and saw each other frequently and went out together socially. Shortly thereafter the husband began pressing the wife for the return of part of the money he had paid her because of the order in the first divorce libel. As a result of his importunities she returned $11,000 to him about the middle of June, 1954. They continued to be friendly and, as we have said, were remarried. Shortly thereafter they resumed living together and continued so to live until early in April, 1955, when he brought the present libel.

The judge specifically found that the libellant is a member of the bar of this Commonwealth and is engaged in the real estate business; that his net worth is greater than $100,000 and he had a substantial income for the year 1954; that his standard of living has been of real substance; and that his wife had consulted doctors frequently. From his observation of her the judge noted her general appearance and physical condition. He found that "the wife will continue to require medical treatment for some time; that she is incapable of engaging in gainful employment at the present time"; and that "The gift of $11,000 to her husband was her only reserve . . . ."

It has been generally recognized by this court that the amount of alimony to be awarded a wife rests to a considerable extent in the discretion of the judge after a consideration of all the facts, including the needs of the wife, the

financial worth of the husband, the station in life of the parties and their mode of living, in order that a just and reasonable allowance may be made for the support of the wife. *Coe* v. *Coe*, 313 Mass. 232, 235. *Whitney* v. *Whitney*, 325 Mass. 28, 30. Compare *O'Brien* v. *O'Brien*, 325 Mass. 573.

We cannot say on the evidence in this case that the findings of the judge were plainly wrong.

The decree is affirmed. Costs and expenses of this appeal are to be awarded to the libellee or her counsel in the discretion of the Probate Court. G. L. (Ter. Ed.) c. 208, § 38, as appearing in St. 1933, c. 288.

*So ordered.*