PHYLLIS R. FURST vs. JOSEPH FURST. JOSEPH FURST vs. PHYLLIS R. FURST. May 1, 1967. Within a few months after their marriage in June, 1962, the parties separated. In November, 1962, the wife filed a petition

for separate support. In January, 1963, the husband brought a libel for divorce, which was dismissed, after hearing. In January, 1964, the husband brought a libel to annul the marriage. The judge, after hearing, entered a decree dismissing the libel and awarded counsel fees in the amount of $1,500 to counsel for the wife. The only question presented by the husband's appeal from this decree is whether the award was excessive. In the separate support proceedings a decree was entered adjudging that the wife was living apart from her husband for justifiable cause. The decree also ordered the husband to pay to the wife $75 weekly for her support together with the sum of $5,000. The further sum of $5,000 for costs and expenses was ordered to be paid to counsel for the wife. In his appeal from this decree the husband challenges those portions ordering weekly support of $75, the lump sum payment of $5,000, and the payment of counsel fees in the amount of $5,000. The judge made a report of the material facts in both the annulment and separate support proceedings. The evidence in both cases is reported. We perceive no reason to disturb the award of counsel fees in the sum of $1,500 in the annulment proceedings. We likewise are not persuaded that the amounts allowed for support were excessive in the circumstances. See *Coe* v. *Coe*, 313 Mass. 232, 235. The lump sum allowance of $5,000 was for past support, covering a period of about three years. Viewing the award of counsel fees in the light of the principles set forth in *Hayden* v. *Hayden*, 326 Mass. 587, 596–597, a majority of the court are of opinion that it was excessive and should be reduced to $3,000. The decree in the annulment case is affirmed. The decree in the separate support case with respect to the award of counsel fees is to be modified, as herein stated, and as so modified, is affirmed. The husband's appeal from the decree dismissing his libel for divorce is waived.

*So ordered.*

*Harris A. Reynolds* for Joseph Furst.
*Morris Michelson & Nicholas P. Arenella*, for Phyllis R. Furst, submitted a brief.