HELEN M. LAVALLEE *vs.* HAROLD B. LAVALLEE. April 18, 1975. This is an appeal by a wife from the dismissal of her petition for separate support. G. L. c. 209, § 32. The evidence is reported and the probate judge made a report of material facts. In the circumstances we may find facts, which are supported by the evidence, in addition to those found by the judge but his findings are not to be reversed unless plainly wrong. *Krasner* v. *Krasner,* 362 Mass. 186, 187-188 (1972). *Ober* v. *Ober,* 1 Mass. App. Ct. 32 (1973). *Ross* v. *Ross,* 2 Mass. App. Ct. 502 (1974). The husband, a retired carpenter with a modest pension supplemented by Social Security, had deposited his life savings in joint bank accounts held in his name and that of his wife. The evidence reveals that the wife, without her husband's knowledge, had withdrawn all of these funds during the year prior to the filing of this petition and deposited them in accounts in her name alone. She thereafter applied to her own use some of these as well as other funds of her husband without his approval. Her acquisitive conduct considered in conjunction with the relative resources and necessities of the parties, as well as their condition in life, leads us to the conclusion that the judge was not plainly wrong in finding, contrary to the wife's allegation, that the husband had not failed without justifiable cause to provide suitable support for her. On a petition for separate support, as in the case of a libel for divorce, the questions whether support should be awarded and if so its amount rest in the sound discretion of the judge after consideration of the facts. *Brown* v. *Brown,* 222 Mass. 415, 417 (1916). *Whitney* v. *Whitney,* 325 Mass. 28, 30 (1949). *Richman* v. *Richman,* 335 Mass. 395, 396-397 (1957). The circumstances to be considered include "the necessities of the wife and the pecuniary resources of the husband, the condition in life of the parties and their mode of living and the conduct of the parties." *Brown* v. *Brown, supra,* at 417. *Topor* v. *Topor,* 287 Mass. 473, 475 (1934). *Coe* v. *Coe,* 313 Mass. 232, 235-237 (1943). *Wilson* v. *Wilson,* 329 Mass. 208, 211 (1952). *Verdone* v. *Verdone,* 346 Mass. 263, 264-265 (1963). See *Commonwealth* v. *Whiston,* 306 Mass. 65, 66 (1940). Other issues which appear to have been raised in the wife's brief are without merit and need not be discussed.

*Decree affirmed.*

*Irving E. Kane* for the petitioner.
*Everett H. Borofski* (*Fred Gluck* with him) for the respondent.