MATTER OF S—

In VISA PETITION Proceedings

A–11760497

*Decided by Board May 25, 1961*

**Marriage—Not valid where contracted in New Hampshire before Massachusetts divorce decree became final.**

Beneficiary's marriage to petitioner in New Hampshire on December 28, 1960, which occurred nine days after beneficiary had obtained decree *nisi* in Massachusetts divorce proceedings against first wife, is ruled void. Under the law of Massachusetts, a decree *nisi* does not become final until six months have elapsed from the date of its entry.

**BEFORE THE BOARD**

**DISCUSSION:** The case comes forward on appeal from the order of the District Director, Boston District, dated February 16, 1961, denying the visa petition for the reason that no valid marriage exists between the petitioner and the beneficiary, her alleged husband.

The petitioner, a native of Italy, naturalized citizen of the United States, 53 years old, female, seeks nonquota status on behalf of the beneficiary, a native and citizen of Italy, 54 years old, male, her alleged husband. The parties underwent a marriage ceremony on December 28, 1960, at Salem, New Hampshire.

Both petitioner and the beneficiary were previously married one time. The petitioner's first marriage was terminated by the death of her husband in 1943.

As evidence of the termination of the beneficiary's marriage, there has been submitted a copy of a decree *nisi* entered in the Probate Court at Boston, Suffolk County, Massachusetts, in favor of the beneficiary on December 19, 1960. The decree recites that it shall become absolute upon and after the expiration of six months from the date of entry of the decree. Inasmuch as the present marriage in New Hampshire was performed on December 28, 1960, only nine days after the date of the decree *nisi*, the issue presented is whether the petitioner has established a valid marriage upon which to predicate her petition for nonquota status on behalf of the beneficiary.

Under the law of Massachusetts, decrees of divorce in the first

296

instance are decrees *nisi* and become absolute after the expiration of six months from entry thereof, unless the court within said period, for sufficient cause, upon application of any party interested, otherwise orders.[1] The entry of the decree *nisi* does not terminate the marriage; there must be a lapse of six months before there is a legal termination of the marriage.[2]

Here the parties had married in the State of New Hampshire within the six-month period. The case of *Smith* v. *Smith*, 99 N.H. 376, 11 A.2d 531 (S. Ct., N.H., 1955), is almost factually identical with the instant case. There, the defendant's husband had been granted a decree *nisi* on April 14, 1947, which did not become absolute until after six months from that date. However, the wife nonetheless entered into a marriage with the plaintiff on June 1, 1947, in New Hampshire. The parties lived together as man and wife in Massachusetts until 1952. The court found that the parties both knew that the Massachusetts divorce decree was not final when they got married in New Hampshire but they entered into the ceremony in good faith and in the belief that the marriage was lawful in New Hampshire. The court applied the law of the state of domicile, Massachusetts, and found that since the defendant was a married woman at the time of the ceremony in New Hampshire, the marriage was absolutely void under Massachusetts law.[3] However, the court interpreted Massachusetts General Laws, Chapter 207, section 6,[4] to find that the trial court was warranted in concluding that the parties had entered into the New Hampshire ceremony in

---

[1] Massachusetts General Laws, Chapter 208, section 21.

[2] *Rollins* v. *Gould*, 244 Mass. 270, 138 N.E. 815; *Diggs* v. *Diggs*, 291 Mass. 399, 196 N.E. 858; *Sheffer* v. *Sheffer*, 316 Mass. 575, 56 N.E.2d 13; Vernier, *American Family Laws* (1932), p. 156.

[3] Chapter 207, section 10, General Laws, provides: "If any person residing and intending to continue to reside in this commonwealth is disabled or prohibited from contracting marriage under the laws of this commonwealth and goes into another jurisdiction and there contracts a marriage prohibited and declared void by the laws of this commonwealth, such marriage shall be null and void for all purposes in this commonwealth with the same effect as though such prohibited marriage had been entered into in this commonwealth."

[4] Chapter 207, section 6, provides: "If a person, during the lifetime of a husband and wife with whom the marriage is in force, enters into a subsequent marriage contract with due legal ceremony and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in full belief that the former husband or wife was dead, that the former marriage had been annulled by a divorce, or without knowledge of such former marriage, they shall, after the impediment to their marriage has been removed by the death or divorce of the other party to the former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and after the removal of such impediment * * *."

good faith in the belief that the marriage was lawful in New Hampshire.

The record shows that the petitioner was questioned under oath on January 31, 1961, by a Service officer and although she admitted the immigration people and others had told her there could be a question as to whether a marriage in another state might be regarded as invalid if the marriage occurred within the six-month period before the Massachusetts divorce became final, nevertheless her lawyer advised her to go ahead and get married and since she loved the beneficiary she proceeded to marry him in New Hampshire. Under the holding in *Smith* v. *Smith*, *supra*, this might create an issue of fact as to good faith under section 6, Chapter 207, Massachusetts General Laws, as to the subsequent marriage. However, in the instant case, the Massachusetts decree *nisi* will not become final until June 19, 1961. Therefore, the impediment of a prior lawful marriage still exists and the parties herein cannot now be regarded as lawfully married. At the end of the six-month period the parties may adjust their status by a marriage, which would be the simplest course, or by reliance on Massachusetts General Laws, Chapter 207, section 6. At the present time there is no other course but to dismiss the appeal.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.