CORA GREENLOW BROWN *vs.* ALMA BAKER GREENLOW, executrix.

Essex.    March 2, 1953. — April 1, 1953.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Divorce*, Alimony, Modification of decree, Execution, Appeal. *Payment. Judgment. Evidence*, Presumptions and burden of proof. *Probate Court*, Appeal.

On a petition by a divorced woman, who had remarried, against the executrix of the will of her former husband, there was no abuse of discretion in a decree of the divorce court for the issuance of execution to the petitioner for a part of arrears which had accumulated over many years under an earlier decree of that court for periodic payments of alimony by the former husband.

The provision of G. L. (Ter. Ed.) c. 260, § 20, that a judgment or decree shall be presumed to be paid and satisfied at the expiration of twenty years after its rendition creates merely a rebuttable presumption.

The presumption of satisfaction created by G. L. (Ter. Ed.) c. 260, § 20, as applied to a decree of a divorce court for periodic payments of alimony, would affect only payments which were to be made more

than twenty years before the filing of a petition for execution for arrears of alimony.

On an appeal by the respondent only from a decree of a divorce court for the issuance to the petitioner of execution for a part of alimony in arrears under a previous decree, it was not open to the petitioner to contend that such execution should have been for a larger amount.

PETITION, filed in the Probate Court for the county of Essex on May 8, 1952.

The case was heard by *Costello*, J.

*Richard Badlian*, for the respondent.

*Melvin I. Bernstein*, for the petitioner, submitted a brief.

WILKINS, J. The petitioner is the former wife of Charles H. Greenlow, late of Manchester, who died on February 26, 1951. On May 8, 1928, she obtained a decree nisi of divorce against him, and he was ordered to pay her $8 weekly for the support of herself and their daughter, then aged fourteen, whose custody was awarded to her. The respondent married Greenlow on July 5, 1931, and is his widow and executrix under his will. This petition seeks to charge her as executrix with arrears under the divorce decree alleged to amount to $2,503 and interest. See *McIlroy* v. *McIlroy*, 208 Mass. 458, 462, 464–465. The judge found for the petitioner in the sum of $500 and ordered execution to issue. The respondent appealed.

The respondent contends that the petitioner was guilty of laches as matter of law. The judge made a voluntary report of the material facts found by him. The evidence is not reported. There was no error. On May 20, 1929, Greenlow was in arrears on the order in the sum of $95 and never made a subsequent payment. The daughter attended school until she was seventeen. She then secured some employment, but her earnings were insufficient for her support. It was within the power of the court to revise its decree. G. L. (Ter. Ed.) c. 208, §§ 28, 37. *Watts* v. *Watts*, 314 Mass. 129, 133–134. "From the peculiar nature of a decree for alimony, and the right and power in the court to revise or alter it at any time, execution is not necessarily to issue for the full amount of arrears of alimony found to have been due

and unpaid at the time of the death of the . . . testator; but it is in the discretion of the court, on the facts that may be proved, to determine for what sum, if for anything, the decree for alimony shall be enforced by an execution against his estate." *Knapp* v. *Knapp*, 134 Mass. 353, 357. No abuse of discretion appears. *Whitten* v. *Durkee*, 327 Mass. 562, 564. General Laws (Ter. Ed.) c. 260, § 20, providing that a judgment "shall be presumed to be paid and satisfied at the expiration of twenty years after it was rendered" is not an absolute bar. *Fino* v. *Municipal Court of the City of Boston*, 326 Mass. 277, 281. The presumption could have been found to be rebutted. In any event the presumption would affect only payments which by the decree were to be made more than twenty years before the filing of the present petition. *Knapp* v. *Knapp*, 134 Mass. 353, 356. That the petitioner had remarried is not a controlling circumstance. *Ziegler* v. *McKinlay*, 318 Mass. 765, 767.

It is not open to the petitioner, who took no appeal, to contend that the judge erred in not ordering the execution to issue in a larger amount. *Coe* v. *Coe*, 313 Mass. 232, 234. *Sawyer* v. *Kuhnle*, 324 Mass. 53, 57. From what we have said, however, it is clear that there was no error in this respect.

Costs and expenses of this appeal may be allowed the petitioner or her counsel in the discretion of the Probate Court. G. L. (Ter. Ed.) c. 208, § 38, as appearing in St. 1933, c. 288. *Whitney* v. *Whitney*, 325 Mass. 28, 33.

*Decree affirmed.*