ELWYNN J. MILLER vs. JEAN M. MILLER. July 31, 1974. The petitioner (husband) appeals from a decree which reduced but did not eliminate his obligation to pay alimony to the respondent (wife). The husband sought to modify the alimony payable by him under the terms of a decree nisi granting him a divorce. The Probate Court judge found that after the entry of the decree nisi, and before the decree became absolute, the wife openly and with the intention of embarrassing and injuring the husband and his reputation "conducted herself in a scandalous manner by committing adultery to the extent that such conduct did in fact affect the . . . [husband] and his ability to carry on his business or to get new business as he had formerly done." The judge reduced the husband's alimony obligation to the wife. The wife has not appealed. The husband has, arguing that as matter of law the judge should have eliminated all alimony obligations. Our law is to the contrary. The judge has discretion concerning the reduction, if any, in alimony obligations which might be appropriate in such circumstances. G. L. c. 208, § 37. See *Graves* v. *Graves*, 108 Mass. 314, 317-318, 321 (1871); *O'Brien* v. *O'Brien*, 325 Mass. 573, 577-578 (1950); *Brown* v. *Greenlow*, 330 Mass. 88, 89-90 (1953); *Richman* v. *Richman*, 335 Mass. 395, 396-397 (1957); *Surabian* v. *Surabian*, 362 Mass. 342, 348-349 (1972). There is no showing that the judge abused his discretion. Because the wife has not appealed, it is not open to her to object to the decree. *Brown* v. *Greenlow, supra,* at 90.

*Decree affirmed.*

The case was submitted on briefs.
*Margaret F. McGovern* for the petitioner.
*Arthur H. Bloomberg* for the respondent.