ANNE C. LYNCH *vs.* CHARLES A. LYNCH.

Worcester. December 20, 1976. — March 2, 1977.

Present: KEVILLE, ARMSTRONG, & BROWN, JJ.

*Divorce,* Alimony, Support of child, Modification of decree.

A probate judge erred in refusing to make a cash alimony award to a wife on the basis that she had been seeing another man socially prior to the divorce where the wife was the party in whose favor the divorce decree had been entered, where she had a clear need for alimony, and where the husband had the ability to pay. [170]

LIBEL for divorce filed in the Probate Court for the county of Worcester on June 4, 1974.

PETITION for modification of the decree filed on June 10, 1975.

The proceedings were heard by *Conlin,* J.

The case was submitted on briefs.

*Leonard Kopelman & Donald G. Paige* for the libellant.

*Walter J. Griffin* for the libellee.

BROWN, J. A decree nisi of divorce for the libellant (wife) on the ground of cruel and abusive treatment was entered in a Probate Court on April 17, 1975. The divorce was uncontested on the merits. The decree nisi provided

that the husband support the minor children in the follow-
ing manner: the husband was to pay the wife $80 per week
for the support of the children, and he was to pay for their
reasonable medical and dental expenses; he was to main-
tain Blue Cross and Blue Shield insurance or their equiva-
lent for the benefit of the wife; the wife and the children
were to have use of the family home and furniture and the
husband was to pay the "principal, interest and mortgage,
insurance, utilities, basic telephone, fuel and milk bills."

At the hearing on a petition for modification brought by
her, the wife sought an increase in the order of support
for the minor children and alimony for herself. On Sep-
tember 9, 1975, the probate judge entered a judgment
which modified the earlier decree. The husband was re-
quired to purchase twin beds for the minor sons and one
desk; he was to be responsible for the medical and dental
expenses of the libellant while she was not employed, pro-
vided such expenses did not exceed $1,750 per year. The
support order for the minor children was increased to $100
per week. In all other respects, the original decree was to
remain in full force and effect. The wife appeals from both
the decree, and the judgment, contending that the judge
erred in refusing to make a cash alimony award to her and
in not providing sufficient support for the minor children.
The appeal is before us on a report of material facts[1] and
on a transcript of the evidence heard by the judge at the
hearing on the petition for modification.

The report of material facts contains findings to the
following effect. The parties were married in 1957 and had
five children. The youngest was born on January 14, 1965,
and the oldest was born on December 29, 1957.

The husband's assets consist of a majority holding in

---

[1] On April 25, 1975, the wife requested that the judge make a report
of the material facts. As this request was made within ten days of the
time the libellant had notice of the decree nisi (G. L. c. 215, § 11, as in
effect prior to St. 1975, c. 400, § 58), it was incumbent on the judge to
file such a report. The only report filed by the judge was that filed on
September 19, 1975, subsequent to the entry of the judgment modify-
ing the decree.

C. A. Lynch Pharmacies, Inc., which he inherited from his mother. The husband, a licensed pharmacist, is president and treasurer of the corporation, and devotes his full time to the business. His weekly gross pay is $328. For the fiscal year ending August 31, 1974, the corporation showed a net profit after taxes of $8,995.23. The husband works sixty to seventy hours per week in the drug store. The business requires an additional pharmacist but cannot afford it. In 1973, the corporation declared a bonus of $30,000 to the husband "for income tax purposes," and, though the payment was credited to his account on the books of the corporation, only a small portion of this sum has actually been paid to him and the corporation is not in a position to discharge fully this obligation "without jeopardizing its financial structure."

The husband's other holdings include "a stockholder's interest" in Lynch Package Store, Inc., in Uxbridge. He receives no income therefrom. The husband is a one-half owner of L. M. P. Realty, a trust which owns a small building in Uxbridge. The income from this building "is ... only [enough] to pay the expenses and ... [the] mortgage." The husband has a bank account with a balance of less than $2,000; he also owns a few shares of mutual funds. A note of the drug store for $42,000, payable to the husband's mother, was inherited by him. He receives interest on the note at the rate of six percent per annum but receives no payments on the principal. Apart from the home, which is now occupied by the wife and the minor children, the husband has no other assets.

For a long time prior to the separation of the parties, the wife had been seeing a psychiatrist on a "purely" social basis on an average of four nights a week. Such meetings generally lasted from seven or eight o'clock at night to one or two in the morning. These meetings led to trouble at home. While the parties were living together and thereafter, the husband neither neglected the children nor failed to support them or their mother.

The evidence does not indicate that the findings of the judge are plainly wrong. See *Whitney* v. *Whitney*, 325

Mass. 28, 28 (1949); *LaVallee* v. *LaVallee,* 3 Mass. App. Ct. 736 (1975).

The principal issue before us is whether there was a legally sufficient justification for the judge's failure to make an award of alimony in the form of cash to the wife.[2]

The judge appears to have based his decision on the fact that the wife had been seeing a psychiatrist, socially, usually several nights a week. Even if we were to assume that there may have been fault on the part of the wife short of that constituting grounds for granting a divorce to the husband, that fault should not have been decisive of the amount of alimony to be awarded. *Topor* v. *Topor,* 287 Mass. 473, 476 (1934). See *Graves* v. *Graves,* 108 Mass. 314, 317-318 (1871), and cases cited. See generally Inker, Walsh & Perrochi, Alimony and Assignment of Property: The New Statutory Scheme in Massachusetts, 10 Suffolk U.L. Rev. 1, 19-20, n.98 (1975). On the record before us, the wife is the party in whose favor the divorce decree was entered and the husband is the party who breached the marriage obligation. Under these circumstances, given that the wife has a clear need and that the husband has the ability to pay,[3] we conclude that there was no legally sufficient reason for the judge's failure to make a cash alimony award to the wife. We do, however, find the support award for the minor children to be entirely appropriate.

Accordingly, the case is remanded to the Probate Court so that the decree and judgment may be modified to include an additional cash award (beyond the $100 per week support award) of alimony to the wife. Costs and expenses

---

[2] The fact that the husband has gone beyond the terms of the decree and has taken care of most of the needs of the wife and the children by allowing them to charge items on his credit cards, and by giving them money upon their request, does not alleviate the problem caused by the judge's failure to make a cash alimony award. As the wife testified, "It's *degrading.* Every time I need something — light bulbs even — I have to ask him for that. I would like to manage my own affairs the way I want to, and have some privacy" (emphasis supplied).

[3] See n.2, *supra.*

of this appeal are to be awarded to the wife or her counsel in the discretion of the Probate Court. General Laws c. 208, § 38.

*So ordered.*