ISADORE SINGER vs. SHEILA J. SINGER
(and two companion cases).

Middlesex.   March 14, 1979. — July 12, 1979.

Present: GRANT, ROSE, & DREBEN, JJ.

*Divorce*, Judgment, Stay of judgment, Alimony, Division of property.
*Probate Court*, Judgment.

The judge in a divorce action did not err in entering a judgment of
   divorce nisi on the husband's complaint and in refusing to stay all
   proceedings pending a trial on the merits on the wife's complaint
   for divorce on grounds of adultery where the wife's complaint was
   filed only after it had become apparent that a divorce would be
   granted to the husband although she had known of her husband's
   adultery for more than a year before the filing of her complaint.
   [114-116]
Entry of a judgment of divorce nisi for one spouse, even though stayed
   pending appeal, precludes the entry of a divorce nisi for the other
   spouse unless the divorce is stayed for sufficient cause under G. L.
   c. 208, § 21. [116-118]
A wife's pursuit of a divorce on grounds of adultery so as not to be
   characterized as the guilty party in light of G. L. c. 208, § 34, which
   requires consideration of the conduct of the parties during mar-
   riage in determining alimony was not a sufficient cause within the
   meaning of c. 208, § 21, to grant a stay of a divorce nisi on the
   husband's complaint. [118-121]
The judge in a divorce action brought by a husband did not err in
   refusing to recommit a master's report for separate findings of
   adultery by the husband and in refusing to hear additional evidence
   of his adultery where the husband's infidelity was amply and re-
   peatedly brought before both the master and the judge and was
   considered as a factor in making the award of alimony under G. L.
   c. 208, § 34. [121-122]

Two CIVIL ACTIONS commenced in the Probate Court for
the county of Middlesex on August 9, 1974, and Novem-
ber 18, 1975, respectively.

The cases were heard by *Freedman, J.,* on reports of a master.

CIVIL ACTION commenced in the Probate Court for the county of Middlesex on April 28, 1977.

The case was heard by *McGovern, J.,* and a question of law was reported by her.

*Esther M. Stevens* for the defendant.

*Carl H. Amon, Jr.,* for the plaintiff.

DREBEN, J. The main thrust of the wife's contentions in the proceedings before us is to reverse a judgment of divorce nisi for the husband on the ground of cruel and abusive treatment and to obtain a divorce on behalf of the wife on the ground of adultery. We affirm the judgment nisi and remand the wife's action to the Probate Court for the entry of a judgment dismissing her complaint.

The scenes of the breakdown of this marriage are not *of importance* here. Suffice it to say that the master's subsidiary findings which were adopted by the judge [1] show that each spouse had ground for divorce for cruel and abusive treatment, and uncontradicted evidence indicates that the wife also had ground for divorce for adultery.[2]

1. The wife claims that because of G. L. c. 208, § 34,[3] as

---

[1] The wife claims there was no basis for a finding that the husband had any ground for divorce. The orders of reference were unusual, but we need not decide whether the transcript of the evidence before the master is properly before us. See *Peters* v. *Wallach,* 366 Mass. 622, 626 (1975). Whether the standard of review is as set forth in *Kuklinska* v. *Planning Bd. of Wakefield,* 357 Mass. 123, 127 (1970), or as set forth in *Wormstead* v. *Town Manager of Saugus,* 366 Mass. 659, 660 (1975), the subsidiary findings of the master are not to be set aside. They are neither clearly erroneous nor mutually inconsistent.

[2] In the hearings before the master and in a deposition taken by the wife's counsel the husband admitted that he had had sexual intercourse with another woman. The deposition was admitted in evidence in the wife's uncontested action. See part 2 of this opinion, *infra.*

[3] This statute mentions "conduct of the parties during the marriage" as one of the factors to be considered in making an award of alimony or a division of property. The effect of this statutory provision is discussed in part 2, *infra.*

appearing in St. 1975, c. 400, § 33, the judge committed reversible error in entering a judgment of divorce nisi on the husband's complaint and in refusing to stay all proceedings pending a trial on the merits of her complaint for divorce. There was no error.

The judge was warranted in refusing to grant a stay by reason of the wife's delay in filing her complaint for divorce. The wife's complaint, which was filed on April 28, 1977, was the third action filed by one of the parties concerning their marital difficulties. The first action was a complaint for separate support on the ground of cruel and abusive treatment filed by the wife on August 9, 1974, and the second was a complaint for divorce filed by the husband on November 18, 1975, also on the ground of cruel and abusive treatment. By consent of then counsel for both parties the two earlier cases were referred to a master, who conducted hearings beginning in 1976 and filed his report in the husband's action on February 28, 1977, and in the wife's action one day later. It was only after the filing of the master's reports, and after it had become apparent that a divorce would be granted to the husband, that the wife filed her complaint. This was done on the day before the first hearing on the adoption of the master's report, although the wife had known of her husband's adultery as early as November 3, 1975, when her counsel took her husband's deposition. Under these circumstances the judge was fully warranted in denying her April 29, 1977, motion to stay the proceedings[4] and in entering a judgment of divorce nisi on the husband's complaint. Rule 13 (j) of the Massachusetts Rules of Domestic Relations Procedure (1975) did not require a different result, even if the denial had the effect of precluding the

[4] The judge's earlier decision to deny the wife's motion to amend her petition for separate support to include the ground of adultery was also warranted on the ground of undue delay. The amendment was filed on the day before the master's hearing was to begin. In any event, all questions relating to the complaint for separate support have become moot in view of our affirmance of the judgment of divorce nisi.

prosecution of the wife's complaint. See *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 292 (1977), and *Commonwealth* v. *Andover*, 378 Mass. 370, 374-375 (1979).

2. Despite the entry of a judgment nisi for the husband, the wife continued to pursue her own complaint. After filing a notice of appeal from the judgment nisi she moved for a stay of that judgment, both on the ground of her appeal and on the ground of her pending divorce action. The motion was allowed on December 23, 1977, by a second judge.

The wife next appeared in the ex parte session before still a third judge and moved for a speedy trial of her action. The motion was denied. Thereafter,[5] a hearing on the wife's complaint was held in the uncontested session of the court, at which time uncontradicted evidence of the husband's adultery was introduced. The third judge reported the question whether the wife was entitled to pursue her complaint for divorce after a judgment nisi had been entered on the husband's complaint. The question in the form asked by the judge is set forth in the margin.[6]

In her report the third judge set forth the background of the proceedings as presented to her. She indicated that she had given the wife and her counsel an opportunity to take the case back to the judge who had granted the divorce nisi in order to "renew" the wife's motion that her complaint be included with the proceedings on the husband's complaint. The judge reported that "[c]ounsel declined to do so and proceeded to mark" her complaint "as an uncontested divorce."[7]

---

[5] April 21, 1978.

[6] "Whether the plaintiff in her complaint for divorce on grounds for adultery filed during the pendency of husband's complaint but not consolidated and heard therewith, is entitled to pursue her complaint after a Judgment Nisi has been entered on husband's complaint, which Judgment is pending in the Appeals Court on wife's appeal and which Judgment has been stayed and has not yet become absolute."

[7] It is apparent that the third judge was not aware that the wife had

We hold that the entry of a judgment of divorce nisi for one spouse, even though stayed pending appeal, precludes the entry of a divorce nisi for the other spouse unless the divorce is stayed for "sufficient cause" under G. L. c. 208, § 21. We also hold there is no "sufficient cause" here.

Although under current practice the husband and the wife can each obtain a divorce, see *Gilmore* v. *Gilmore*, 369 Mass. 598, 599 (1976), this result can only obtain if both actions are timely brought. Not only is there a strong policy in favor of terminating disputes between parties with finality, it is also important "that all aspects of the dispute between the former spouses should be resolved in one proceeding." *Knox* v. *Remick*, 371 Mass. 433, 438 (1976). After an action for divorce has been litigated and a judgment nisi has been entered, additional proceedings to effect a divorce between the same parties should be entertained cautiously, and then only if they serve some legal purpose.

In the absence of a stay of the first judgment, a second judgment serves no purpose. If after a judgment nisi has been entered a second judgment nisi is granted to the other spouse, that second judgment cannot become final until six months after its entry. *Silverstein* v. *Silverstein*, 2 Mass. App. Ct. 94, 95 (1974). The first judgment will become absolute six months after its entry and the marriage will be absolutely dissolved. Thereafter, no additional judgment absolute for divorce can be entered, the matter having already been adjudged. Thus, unless the first judgment is stayed, the second judgment nisi becomes a nullity and serves no purpose.

---

sought to file her complaint so tardily and that the first judge had denied the April 29, 1977, motion for a stay in the husband's action. The reports says, "For some reason the wife's libel did not become part of the actions before the Master and was not consolidated in the proceedings in which the decree Nisi was entered by Judge Freedman."

As we noted in part 1 of this opinion, the first judge was warranted in refusing to stay entry of judgment for the husband because of the wife's delay in filing her complaint. The question now arises whether the stay of judgment granted by the second judge was a sufficient ground for entering a second judgment nisi. The record shows no intention by the second judge to reexamine the rulings of the first judge. See *Templer* v. *Templer*, 347 Mass. 270, 273 (1964).

Certainly, the grant of a stay for the purpose of an appeal should not permit litigation of a second divorce complaint. Otherwise, by the mere filing of an appeal, which now automatically results in a stay of the judgment nisi,[8] a spouse could always seek a second judgment, thereby circumventing Mass.R.Dom.Rel.P. 13 (j) and the policies previously discussed.

The other ground urged by the wife in her motion for a stay before the second judge was to permit her to pursue her pending divorce action. As the third judge stated in her report, the "[w]ife seeks a decree of divorce on grounds of adultery so as not to be characterized as the guilty party in light of M. G. L. c. 208, § 34 which requires consideration of the '. . . conduct of the parties during the marriage . . .' in determining alimony."[9] Contrary to the wife's contention, a second divorce in this case would serve no legal purpose, and, therefore, its pursuit is not a "sufficient cause" to grant a stay within the meaning of G. L. c. 208, § 21.

Central to the wife's pursuit of her divorce and her claim for a stay under G. L. c. 208, § 21, based on G. L. c. 208, § 34, is the assumption that if she were to obtain

---

[8] Under Mass.R.Dom.Rel.P. 62(g) (1975), the filing of an appeal stays the running of the nisi period without the need of a court order. See G. L. c. 215, § 24, as now appearing in St. 1978, c. 304, § 1.

[9] On almost every question raised before us, the wife urges that for purposes of c. 208, § 34, it makes a difference which party obtains the divorce.

a divorce on the ground of adultery and if the husband's judgment of divorce should be reversed, she would be entitled to a more favorable award.[10] This assumption does not reflect Massachusetts law.

Even when divorce was based solely on marital fault, alimony in this Commonwealth was not determined by which party obtained the divorce. Thus in *Graves* v. *Graves*, 108 Mass. 314, 318 (1871), the court pointed out that whether alimony should be allowed and the amount of such allowance depended on all the circumstances of the case, without regard to whether the wife was the "party offending or the party injured." Finances, not fault, were the crucial factor, irrespective of who obtained the divorce.[11] Alimony was not precluded, even when the conduct of the guilty (used in the sense of the party against whom the divorce was decreed) spouse was egregious and deliberately calculated to harm the other. In *Miller* v. *Miller*, 366 Mass. 846 (1974), a husband who had obtained a divorce claimed, as a matter of law, that the judge should have eliminated all alimony obligations where his wife, intending to embarrass and injure him, had conducted herself in such "a scandalous manner by committing adultery" that her conduct affected his abili-

---

[10] This assumption fanned the acrimony between the parties and contributed to the length of the proceedings, which consumed five days of hearings before a master and involved at least fifteen hearings before five different judges. The appeals in this court encompass five separate volumes of transcript and exhibits in addition to an appendix of 142 pages.

[11] "She may have been guilty of such a breach of the marriage obligation as to entitle her husband to a divorce; and yet it may not be just, if her husband is comparatively rich or capable of earning money, and she is poor or weak, that she should be turned out into the world without any means of livelihood but her own exertions." *Graves* v. *Graves*, 108 Mass. at 318. Even in the case of adultery, the wife was not precluded from alimony; as the court in *Graves* noted, "The English parliament, upon granting a divorce to a husband for the adultery of his wife, always required him to make a provision for her out of his estate, 'and for this most just, humane and moral reason, that she may not be driven by want, to continue in a course of vice.'" *Id.*

ty to conduct his business. In response to the husband's claim, the Supreme Judicial Court said, "Our law is to the contrary. The judge has discretion concerning the reduction, *if any*, in alimony obligations which might be appropriate in such circumstances" (emphasis supplied). It did not matter that the husband had obtained the divorce. See also *O'Brien* v. *O'Brien*, 325 Mass. 573, 577-578 (1950) (alimony to a guilty wife increased because of financial need even though her need was a result of her own excessive use of alcohol); *Kinosian* v. *Kinosian*, 351 Mass. 49, 52 (1966).

What did matter was a weighing of the facts of each case, primarily the economic facts. Thus, in *Richman* v. *Richman*, 335 Mass. 395, 396-397 (1957), where the husband obtained a divorce on the ground of cruel and abusive treatment, the court upheld an award to the wife. In setting forth the facts to be considered by the judge in making an award, the court did not even list the wife's conduct.

The same principles also applied to an innocent[12] spouse. Just as fault did not determine whether a guilty spouse could obtain alimony if there was financial need, an innocent spouse could not obtain alimony in the absence of financial need, even if the guilty spouse committed adultery. *Topor* v. *Topor*, 287 Mass. 473, 476 (1934). In *Ober* v. *Ober*, 1 Mass. App. Ct. 32, 35 (1973), this court reversed an award in the nature of alimony to an innocent husband and, in listing the factors governing an award, did not mention marital fault. This was true although the husband obtained the divorce, and the court found that "it was reasonably likely that injury to [the husband's] health would have followed as a natural consequence of [the wife's] intentional and persistent conduct." *Id.* at 34. Again, the economic factors were of prime importance. It is thus apparent that prior to the enactment of St. 1974, c. 565, which substantially rewrote

---

[12] "Innocent" is used in the sense of the party obtaining the divorce.

G. L. c. 208, § 34, the determination of which spouse ob-
tained a divorce, thereby labeling the other as the guilty
one, was of no real significance for purposes of alimony.

Chapter 565 of St. 1974 was passed during the course
of a series of developments in the field of family law
which reduced the importance of fault[13] and which re-
flected the view that marriage is a "joint enterprise and
shared undertaking based on a division of labor."[14]

In the context in which it was enacted, and in light of
the judicial precedents discussed earlier, we think it clear
that the new c. 208, § 34, was not intended to place any
greater emphasis on fault or on who obtains a divorce
than before. We hold, therefore, that the statute is not a
proper ground for seeking a stay of a judgment nisi in
order to obtain a second divorce and thus is not a "suffi-
cient cause" under c. 208, § 21.

The answer to the question posed in the report is that
the wife, under the circumstances of these cases, is not
entitled to pursue her complaint for divorce, as there was
no "sufficient cause" for a stay under c. 208, § 21.

3. The wife also claims that the first judge erred in
refusing to recommit the report to the master for sepa-
rate findings of adultery by the husband and in refusing
to hear additional evidence of his adultery and other im-
proper actions. Since the infidelity of the husband was

---

[13] Statute 1973, c. 740, which amended c. 208, § 1, abolished the
defense of recrimination. For other legislative developments in 1973
and 1974, see *Zildjian* v. *Zildjian, ante* 1, 11 n.11 (1979). Also see the
recent changes in G. L. c. 209, § 32, as most recently amended by
St. 1977, c. 984, § 1, where there is no mention of fault and only eco-
nomic factors are listed. For changes in c. 208, § 34, see that provision
as most recently amended by St. 1977, c. 467.

[14] Inker, Walsh & Perocchi, Alimony and Assignment of Property:
The New Statutory Scheme in Massachusetts, 10 Suffolk U.L. Rev. 1,
3 (1975).

It should also be noted that in 1973 Rule 49 of the Probate Courts
required, for the first time, the filing of a financial statement showing
all assets of each spouse. See now Rule 401 of the Probate Courts
(1975).

amply and repeatedly brought before both the master and the judge entering the judgment nisi, there is no question that it was considered as a factor in making the award under c. 208, § 34.[15] Indeed, this factor was stressed by the wife out of all proportion to its significance. See part 2 of this opinion, *supra.* The "conduct of the parties" has many aspects, positive as well as negative, and is not limited to marital fault. Moreover, conduct is only one of many factors listed in the statute, and we note that both before and after the 1974 revision of c. 208, § 34, Massachusetts courts have held that awards are not to be made on the basis of marital infidelity alone. *Topor* v. *Topor*, 287 Mass. at 476. *Rice* v. *Rice*, 372 Mass. 398, 402 (1977).[16] *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 15-16 (1977), *S.C.*, 7 Mass. App. Ct. 672, 673 (1979). Also see *Lynch* v. *Lynch*, 5 Mass. App. Ct. 167, 170 (1977).

The judge committed no error in failing to recommit for additional findings or in refusing to hear additional evidence. See Mass.R.Dom.Rel.P. 53 (e) (2) (1975).

4. None of the other issues raised by the wife reveals any error. Recrimination is no longer a defense to an action for divorce. *Zildjian* v. *Zildjian, ante* 1, 8 (1979). The orders of the several judges with respect to support, tax returns and visitation rights were within their broad equitable powers, and none of them discloses any abuse of discretion. *Bianco* v. *Bianco*, 371 Mass. 420, 423 (1976). *Rice* v. *Rice*, 372 Mass. at 401. There was also

---

[15] It is significant that the wife does not specifically attack the financial provisions of the judgment except in so far as the husband's payments were conditioned on certain actions by the wife. The award gave her the full amount found to be needed for her support and the support of her minor child, and also provided that approximately half of the assets of the husband were to be transferred, in part to the wife and in part in trust for the minor child.

[16] In *Rice* v. *Rice*, 372 Mass. at 402, the court stated, "No evidence supports the husband's allegation that the judge assigned the husband's assets to his wife because of the husband's marital infidelity." This statement may indicate that had the judge made an assignment for this reason, it would have been error.

no error in the denial of the wife's attempts to have the master disqualified. *Dittemore* v. *Dickey*, 249 Mass. 95, 99 (1924).

The judgment of divorce nisi, the judgment of dismissal of the wife's petition for separate support, and the orders for support and visitation which are before us on appeal are all affirmed. The wife's complaint for divorce is to be dismissed.

*So ordered.*