**Jean P. FISK**

v.

**Walter J. FISK.**

**No. 82–232–Appeal.**

Supreme Court of Rhode Island.

July 11, 1984.

Allen M. Kirshenbaum, Warwick, for plaintiff.

Stephen P. Nugent, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the plaintiff from a decree of the Family Court granting the defendant's petition for divorce on the ground of irreconcilable differences, and also denying alimony to both parties. The plaintiff appeals the denial of alimony.

The record reveals the following pertinent facts. The parties were married in 1957 and lived together continuously until plaintiff, Jean P. Fisk,[1] filed for divorce from defendant, Walter J. Fisk, on the ground of irreconcilable differences. The defendant subsequently counterclaimed for divorce on the grounds of extreme cruelty and irreconcilable differences. After a hearing on these petitions the trial justice denied plaintiff's complaint for divorce and granted defendant a divorce on the ground

of irreconcilable differences. The trial justice found that the marriage was viable until the beginning of plaintiff's association with a business associate; he did not find that there was any sexual misconduct by plaintiff, only that her feelings toward her husband changed after this man "arrived on the scene." The trial justice awarded property to both parties but denied each of their requests for alimony. However, plaintiff argues that the trial justice failed to follow the requirements of G.L.1956 (1981 Reenactment) § 15-5-16, as amended by P.L.1981, ch. 320, § 1. She asserts that because the trial justice denied alimony solely on the basis of fault without considering the financial needs of plaintiff, he therefore was in error.

We have recently stated that in considering whether to make an award of alimony, a trial justice must consider all of the factors set forth in § 15-5-16.

"In determining the amount of alimony or counsel fees, if any, to be paid, the court after hearing the witnesses, if any, of each party, shall consider the length of the marriage; the conduct of the parties during the marriage; the health, age, station, occupation, amount and source of income, vocational skills and employability of the parties; and the state and the liabilities and needs of each of the parties."

A review of the record indicates that although the trial justice considered factors set forth in § 15-5-16, he did not consider either party's needs in denying alimony. Indeed, he did not consider "need" until he ordered defendant to pay plaintiff's attorney's fees. She contends that in determining whether alimony should be granted, the trial justice must consider all of the statutory factors.[2]

---

1. The trial justice granted plaintiff's request to permit her to resume her maiden name of Jennie Palma Corrente.

2. The plaintiff's contention that the trial justice's denial of alimony cannot be reconciled with the award of counsel fees is without merit. Even though need is a factor to be considered for both counsel fees and alimony, counsel fees are an extraordinary expense. Thus, a spouse who is financially able to meet daily expenses may lack the resources to pay counsel fees.

A fair reading of the trial justice's decision reveals that although he considered most of the factors set forth in § 15–5–16, his decision to deny plaintiff alimony was based upon conduct alone. He failed to consider the needs of both parties. He determined that it was not necessary to find plaintiff guilty of any sexual misconduct because her association with her business associate was "sufficient to preclude her from any alimony."

■ Alimony traditionally was based on the common-law duty of a husband to support his wife. *D'Agostino v. D'Agostino*, R.I., 463 A.2d 200, 202 (1983). Prior to 1979, this traditional approach to alimony existed in Rhode Island.

> "A right to alimony does not exist apart from a right to be supported. A husband's obligation to support ceases when a wife has wrongfully left him. \* \* \* Our statutes contain no provision whereby alimony may be awarded to a wife who has failed to fulfill her obligations. Where she has so conducted herself, award of alimony is improper."
>
> *Prosser v. Prosser*, 51 R.I. 58, 60, 150 A. 754, 755 (1930).

The modern concept of alimony is that it is a rehabilitative tool designed to provide support for an ex-spouse and is based on need. *D'Agostino v. D'Agostino*, R.I., 463 A.2d at 202. Section 15–5–16 recognizes that each marriage is unique and permits the trial justice to tailor a decision to fit the means and circumstances of the parties before the court. The statute requires that the trial justice consider each of the enumerated factors and base his or her decision accordingly. A single statutory factor should not control a trial justice's decision.

Instead, the primary focus must be on the economic situation of the parties viewed in light of the financial exigencies of one spouse and the ability of the other spouse to meet those needs. *See Partridge v. Partridge*, 14 Mass.App.Ct. 918, 919, 436 N.E.2d 447, 449 (1982) (rescript opinion).[3]

■ The decision of the trial justice in the instant case fails to consider alimony as the rehabilitative tool contemplated by the Legislature in enacting § 15–5–16. Indeed, the decision to deny alimony based upon conduct alone is reminiscent of the traditional view of alimony that existed prior to the enactment of § 15–5–16. Moreover, the trial justice apparently misconceived the nature of "conduct" under § 15–5–16. Conduct is not limited to bad conduct or marital fault but also encompasses good conduct during the term of the marriage. *See Singer v. Singer*, 8 Mass.App.Ct. 113, 122, 391 N.E.2d 1239, 1244 (1979).

■ Finally, we note that the trial justice failed to consider the actual division of property prior to considering the requests for alimony as mandated by § 15–5–16.1, as amended by P.L.1982, ch. 403, § 1.[4] The purpose of this requirement is that "the needs of each party will be affected by said assignment." Section 15–5–16.1. Alimony and equitable distribution are different concepts and should not be blurred. *Murphy v. Murphy*, R.I., 471 A.2d 619, 624 (1984); *D'Agostino v. D'Agostino*, R.I., 463 A.2d at 203. Thus, a trial justice should first make a determination on the issue of division of property, considering each of the factors outlined in § 15–5–16.1. Only then should the judge consider an award of alimony, focusing upon the needs of the parties in light of any distribution of property and all

**3.** The Massachusetts alimony statute, Mass.Gen. Laws Ann. ch. 208, § 34 (West Supp.1984) is virtually identical to G.L.1956 (1981 Reenactment) § 15–5–16, as amended by P.L.1981, ch. 320, § 1. In Massachusetts, however, the trial justice "shall" also consider the opportunity of each party for future acquisition of capital assets and income. Mass.Gen.Laws Ann. ch. 208, § 34. The trial justice "may" consider the contributions of each of the parties to their respec-

tive estates and as homemaker to the family unit. *Id.*

**4.** It is arguable that the trial justice made the division of property before making his decision on alimony. Although prior to his denial of alimony he stated that the parties were equally entitled to property accumulated during the marriage, he did not actually divide the property until after he denied both parties alimony.

of the factors set forth in § 15–5–16. There should be findings based on each of these factors so that we may properly review a trial justice's decision.

We therefore remand this case to Family Court for the trial justice to reconsider the parties' request for alimony based on the evidence presently in the record. The trial justice is directed to make findings on each of the factors enumerated in § 15–5–16, including need.[5] In addition, he must consider any property division made pursuant to § 15–5–16.1 in making his decision.

The appeal of the plaintiff is sustained, the judgment appealed from is vacated, and the papers in this case are remanded to Family Court for proceedings in accordance with this opinion.

---

5. We do not suggest that the ultimate determination with respect to alimony will necessarily be changed by this analysis, but the process of review will be greatly aided by such findings.