**Jean P. FISK**

v.

**Walter J. FISK.**

**No. 86–42–Appeal.**

Supreme Court of Rhode Island.

Feb. 23, 1988.

Allen M. Kirshenbaum (Kirshenbaum Law Associates), Warwick, for plaintiff.

Stephen P. Nugent, Vincent A. DiMonte, Com'r of the Courts, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This case comes before this court on an appeal by the plaintiff from a judgment of the Family Court ordering equitable distribution of the marital assets and denying alimony to the plaintiff. We sustain the trial judge's judgment.

The appeal presently before this court results from a remand order entered in a previous appeal of this case. *See Fisk v. Fisk*, 477 A.2d 956 (R.I.1984) (hereinafter *Fisk I*). A brief review of the facts in *Fisk I* reveals that the parties were married in 1957 and lived together continuously until plaintiff, Jean P. Fisk,[1] filed for a divorce in 1981 from defendant, Walter J. Fisk, on the grounds of irreconcilable differences. The defendant counterclaimed for divorce on the grounds of extreme cruelty and irreconcilable differences. The trial judge found that the marriage was viable until "the beginning of plaintiff's association with a business associate" and awarded property to both parties but denied each of their requests for alimony. *Fisk*, 477 A.2d at 957. The plaintiff argued in *Fisk I* and this court held that the trial judge erroneously denied alimony solely on the basis of fault without considering the financial needs of plaintiff as enumerated in G.L. 1956 (1981 Reenactment) § 15–5–16, as amended by P.L. 1981, ch. 320, § 1.[2]  *Id.*

---

1. The trial justice granted plaintiff's request to permit her to assume her maiden name of Jennie Palma Corrente.

2. General Laws 1956 (1981 Reenactment) § 15–5–16, as amended by P.L. 1981, ch. 320 § 1 provides in relevant part:
   "In granting any petition for divorce, divorce from bed and board, or relief without the commencement of divorce proceedings, the family court may order either of the parties to pay alimony or counsel fees or both to the other. In determining the amount of alimony or counsel fees, if any, to be paid, the court after hearing the witnesses, if any, of each party, shall consider the length of the marriage; the conduct of the parties during the marriage; the health, age, station, occupation, amount and source of income, vocational skills and employability of the parties; and

Upon remand and pursuant to this court's order, several hearings were held to determine the sale price and distribution of the proceeds from the sale of the marital domicile. The trial judge rendered a decision on January 10, 1986, noting that all the marital assets except the marital domicile had been divided up in the original proceedings. He then allocated the remaining proceeds from the sale of the house, apportioning $12,010.51 to plaintiff and $10,422.16 to defendant. Pursuant to statutory regulations, § 15–5–16.1, as amended by P.L. 1982, ch. 403, § 1[3] this equitable distribution was made prior to the award of alimony. The trial judge ruled that in the then-present circumstances and in light of the statutory guidelines set forth in § 15–5–16 neither party was entitled to alimony.

■ The plaintiff in the appeal at bar contends that the trial judge committed error per se when he disregarded the mandate of this court in *Fisk I* that she alleges ordered him to reconsider plaintiff's request for alimony "based on evidence existing in the record" at the time of the original divorce decision. She alternatively argues that if it was not error per se, it was nevertheless harmful error. We disagree.

The plaintiff's assertion that this was error per se is clearly without merit in light of the circumstances involved in this case. The trial judge correctly indicated that the marital domicile had not been sold at the time of this court's decision in *Fisk I* and under the applicable statutory regulation, § 15–5–16.1, such proceeds had to be distributed before a determination of alimony could be made. This court therefore holds that the trial judge committed no error when he updated the financial positions of the parties at the time of the distribution of the proceeds. The trial court on remand specifically noted this court's footnote 5 in *Fisk I.* That footnote addressed the issue of need when considering the parties' re-

quest for alimony, and that the request should be based on evidence presently in the record:

"We do not suggest that the ultimate determination with respect to alimony will necessarily be changed by this analysis, but the process of review will be greatly aided by such findings." 477 A.2d at 959 n.5.

It is quite clear that the language employed by this court, "alimony based on evidence presently in the record," 477 A.2d at 959, was intended to assist the trial judge in determining the amount of an award of alimony, if any at all. The trial court was fully aware of this court's intent in *Fisk I* and correctly determined that the great lapse in time between the entry of this court's remand order (July 11, 1984) and the ultimate distribution of the proceeds from the sale of the home (entered January 10, 1986) had seen severe changes in the financial positions of the parties. Thus, plaintiff's assertion that the trial judge should be held to utilize only the evidence in the record at the time of the remand must fall upon deaf ears. The record reflects that numerous hearings were held concerning why the house was not sold sooner, and the testimony by plaintiff proved most enlightening. The plaintiff admitted that she purposely delayed and inhibited the sale of the property, believing such delay to be in her best interest. Unfortunately for plaintiff, this was just not so. In an attempt to stall the sale of the marital domicile, plaintiff filed with this court various motions to stay and a petition for certiorari, all of which were denied and dismissed by this court. The plaintiff's attempt to gain a tactical advantage by retaining control of the domicile only exacerbated her problem. Not only was she found in contempt of court by the trial judge but the time lapse for the closing on the sale of the house also proved to be quite disadvantageous for her. As previ-

the state and the liabilities and needs of each of the parties."

**3.** Section 15–5–16.1, as amended by P.L. 1982, ch. 403, § 1, "Assignment of property," reads in pertinent part:

"The assignment of property, if any, to be made shall precede the award of alimony, as the needs of each party will be affected by said assignment."

ously stated under the controlling statute, § 15–5–16.1, a final determination regarding equitable distribution of the property must be made before the parties' needs for alimony can be established. In the instant case, but for these series of delays the property would have been divided much sooner, and the trial judge thus would have been able to comply with this court's request to reconsider the alimony needs of the parties, "based solely on the record as it existed at that time." 477 A.2d 959.

Alimony is a rehabilitative tool designed to provide support for an ex spouse and is based on need. *D'Agostino v. D'Agostino*, 463 A.2d 200, 202 (R.I.1983). In the instant case the trial court correctly held that the circumstances surrounding both parties essentially rendered moot the rehabilitative nature of alimony. The testimony during the hearings on remand indicated that plaintiff witnessed a substantial increase in her weekly pay during the interim, that is, the date of remand to the final distribution of the proceeds from the sale of the marital domicile. Also during this time defendant had retired for medical reasons, had remarried (in March 1985), and was totally supported by his new spouse. Relying on these facts, the trial judge ruled that neither party was in need of alimony. It is well settled that no single factor should control a trial justice's decision when addressing the question of alimony. However, a primary focus must be on the economic situation of the parties viewed in light of the financial exigencies of one spouse and the ability of the other spouse

to meet those needs. *Fisk*, 477 A.2d at 958; *see Partridge v. Partridge*, 14 Mass. App.Ct. 918, 919, 436 N.E.2d 447, 449 (1982) (rescript opinion).

The plaintiff raises several other issues on appeal. Her main contention, in addition to the above allegation, is that the trial judge abused his discretion when he appointed a commissioner to sell the marital domicile. We find this argument clearly lacks merit. The atmosphere surrounding the dissolution of the marital assets left the trial judge no alternative but to order the house sold. It is quite evident that the parties were stubbornly resistant to any amicable solution, and the trial judge was therefore faced with no other practical alternative.

After reviewing and researching the plaintiff's other contentions set forth in her appeal, we summarily find them to be of no merit; they are therefore denied and dismissed.

For the reasons heretofore stated, the plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed, and the case is remanded to the Family Court for further proceedings consistent with this opinion.